■ In the Matter of TROY A. MILLER, Appellant, v BOBBIE J. FORKER, Respondent. [663 NYS2d 427] —Yesawich Jr., J. Appeal from an order of the Family Court of Broome County (Farley, J.H.O.), entered March 27, 1996, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

In 1991, based on the parties' stipulation, Family Court awarded them joint legal custody of their son, Bryan; respondent was given primary physical custody. Some three years later, petitioner applied for sole custody, alleging that respondent had failed to provide a stable and appropriate environment for the child, who was then five years old. After a trial, Family Court, in a decision and order filed June 26, 1995, denied the petition. Although expressing concern over aspects of respondent's lifestyle, the court found no proof that Bryan had suffered any detriment as a result of these deficiencies or that he would be better off living with petitioner. The custody and visitation arrangement set forth in the 1991 order was accordingly continued. Family Court noted, however, that if respondent did not cease her habit of moving frequently, or if Bryan's school attendance did not improve, a change in custody might be warranted.

Less than two months later, petitioner again sought sole custody, contending that there had been a substantial change in circumstances in the intervening weeks, in that respondent had continued drinking inappropriately and was involved in an abusive relationship. A further hearing was held, after which Family Court found that a change in the parties' circumstances, sufficient to necessitate a modification of the previous custody arrangement, had not been shown (*see, Matter of Muzzi v Muzzi*, 189 AD2d 1022, 1023). Petitioner appeals.

We affirm. While it appears that Bryan was present during a heated exchange between respondent and her fiancé, and that alcohol may have been involved, Family Court's determination that this was an isolated occurrence, which had no significant effect on Bryan's well-being, was not unfounded (*see, Matter of Williams v Williams*, 188 AD2d 906, 907). The balance of the

proof adduced demonstrates that the boy's overall situation had, if anything, improved since the previous hearing. In sum, given the totality of the circumstances, including the general preference for ensuring stability in a child's life (*see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94), respondent's essentially uncontroverted showing that the problems relating to Bryan's school attendance and performance had been rectified, and the lack of any indication that the boy had been adversely affected by what the fact finder concluded were isolated lapses in respondent's judgment, we are not inclined to disturb the disposition reached by Family Court (*see, Matter of Irwin v Neyland,* 213 AD2d 773, 774; *see also, Matter of Manchester v Whitbeck,* 220 AD2d 837, 839).

Crew III, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.