■ In the Matter of MARY BROWN, Respondent, v JIMMY McGUIRE, Appellant. [667 NYS2d 69] —Peters, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered May 22, 1996, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to, *inter alia*, direct respondent to return the parties' children to this State.

The parties, separated in 1990 and later divorced, have three children: Jamie (born in 1984), Fayetta (born in 1986) and Jimmy, Jr. (born in 1987). Pursuant to a 1990 Family Court order of joint custody, physical custody was awarded to respondent with visitation to petitioner on weekends, midweek, Mother's Day, alternating holidays and six weeks during the summer. Such order also directed that the children not be removed from New York without prior court permission. In 1993, after petitioner unsuccessfully sought to gain physical custody, an order similar to the 1990 order was entered;

however, it did not provide that prior permission be obtained before removing the children from New York.

The parties, along with the children, and later their respective spouses, resided in Saratoga County until August 1995. At all such times, petitioner exercised her visitation privileges. At the beginning of the summer of 1995, while the children were with petitioner pursuant to the summer visitation schedule, respondent moved with his wife to Michigan so that he could work for his father-in-law. Without informing petitioner of these plans, respondent picked the children up at the end of their summer visitation, took them to Michigan and enrolled them in school. The testimony is disputed as to when respondent informed petitioner of their move. Petitioner testified that although she was aware that the children were going to Michigan to visit respondent's family, she never knew that the move was going to be permanent.

Respondent alleged that he did not believe that he was in violation of the 1993 order since such order did not specifically require that he obtain prior permission before removing the children from New York. He also believed that he remained in compliance since he drove the children back to New York for their regularly scheduled visitation and stated that he was willing to bring the children in for visitation twice per month.

Petitioner commenced this proceeding seeking physical custody of the children and their return. Home studies on both parties were favorable. All three children were doing well in school including Jimmy, Jr., who suffered from attention deficit disorder. Letters from teachers indicated that respondent and his wife were involved in counseling concerning the boy's disorder.

A psychological evaluation of the entire family conducted at the Saratoga County Mental Health Center noted that the children had a clear allegiance to both parents, yet recommended that respondent maintain physical custody and that petitioner be given frequent visitation. After a hearing, Family Court found that it was not in the best interests of these children to remain in Michigan, and ordered that they be brought back to Saratoga County. Respondent appeals.

We affirm. Upon our review of the relevant evidence, we must agree with Family Court that respondent has not met his burden of demonstrating, by a preponderance of the evidence, that the relocation will serve these children's best interests (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 741). In making such determination, we have examined respondent's reasons for the move which basically amounted to a promise of seasonal

employment at a similar wage to that which he was earning in New York prior to being laid off. Next, considering, *inter alia*, the effect that such move would have on the children's relationship with petitioner (even if a creative visitation schedule was devised), the quality of the children's relationship with both parents and their extended families and the degree to which the children's lives might be enhanced either economically, emotionally or educationally, we find that Family Court assessed all relevant evidence in its consideration of the children's best interests (*see, Matter of Tropea v Tropea, supra; Matter of Burnham v Basta*, 241 AD2d 628; *Matter of Mendoza v Adamson*, 238 AD2d 737; *Matter of Davis v Davis*, 238 AD2d 708). Accordingly, we find no basis to disturb Family Court's determination.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.