■ In the Matter of ROBERT BATES, Respondent, v PAULA M. BATES, Appellant. [736 NYS2d 488] —Mugglin, J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered March 8, 2000, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

The parties to this proceeding, married in 1993, have one child, a daughter born in August 1995. In October 1996, petitioner and respondent separated. With petitioner's consent, respondent moved from the residence with the child and petitioner's teenage daughter from a former marriage. Despite the absence of a formal custody and visitation agreement, petitioner exercised visitation with the child on a regular basis until he commenced the instant custody proceeding in August 1999. A temporary custody and visitation order was issued by Family Court in September 1999 and, as a result of alleged difficulties with visitation, numerous other petitions were filed. Following a plenary hearing, Family Court found that the best interest of the child mandated that petitioner have sole legal and physical custody. Respondent was given supervised visitation and ordered to complete mental health counseling. Respondent appeals.

The rules germane to resolution of any custody dispute are well established and focus principally on ascertaining the best interest of the child involved (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Caccavale v Brown*, 271 AD2d 717, 718). In order to arrive at this determination, the trial court must assess and weigh many relevant factors, including the

ability of the respective parents to meet the needs of the child, the home environment that each is presently able to provide, the stability of that environment, the fitness of each parent and the child's wishes (*see, Synakowski v Synakowski*, 191 AD2d 836, 836). No single factor is dispositive as the trial court is required to assess the totality of the circumstances reflective of the factors considered. Judicial review of a custody determination is guided by the sound principle that the trial court is in the best position to assess the credibility of the witnesses testifying and, therefore, its findings of fact and conclusions of law are accorded great respect and deference if they have a sound and substantial basis in the record (*see, Matter of Caccavale v Brown, supra*, at 718; *Matter of De Losh v De Losh*, 235 AD2d 851, 852, *lv denied* 89 NY2d 813; *Synakowski v Synakowski, supra*, at 836). Our review of this record reveals that Family Court's custody determination has a sound and substantial basis in the record and should not be disturbed.

Respondent contends that Family Court failed to consider all relevant factors and relied far too heavily on the testimony of the court-appointed psychiatrist. Recommendations of such witnesses (as well as those of law guardians) are not determinative of the ultimate issue in controversy but are factors to be considered unless unsupported by the record (*see, Young v Young*, 212 AD2d 114, 118). Both the psychiatrist and Law Guardian agreed that the best interest of the child mandated that petitioner have sole legal custody. The contention of respondent notwithstanding, Family Court was not guided simply by these recommendations, but assessed a host of relevant factors detailed in the record, each of which is germane to an examination of the totality of the circumstances and a reasoned resolution of the issue.

The record reflects, beginning in early 1999, a substantial change in the demeanor and mental stability of respondent. Various witnesses confirmed observing respondent engaging in aberrant behavior, including watching her talking to a nonoperating television set because of her claim that she heard voices emanating from it. The evidence further established that as a result of this and other behavior, the child became increasingly more fearful of respondent. Although respondent was the primary caregiver of the child from her birth to separation from petitioner, the record unquestionably establishes that respondent's mental health deteriorated to such a degree that her fitness to care for the child is in doubt. Respondent's parenting skills are also in doubt given her willingness to allow petitioner's teenage child to sleep with her boyfriend and

engage in intimate contact while in respondent's house. Although respondent claims to have been diagnosed as a paranoid schizophrenic, a diagnosis which has not been confirmed, it is evident that respondent has taken no steps to seek treatment of her mental problems. Thus, many, if not all, of the conclusions reached by the psychiatrist were independently supported by the testimony of other witnesses.

Next, respondent urges that she was denied the effective assistance of counsel since her attorney called no expert to rebut the testimony given by the court-appointed psychiatrist. While a Family Court litigant is entitled to the effective assistance of counsel (*see, Matter of Dingman v Purdy*, 221 AD2d 817, 818), the failure to call a mental health expert does not equate to ineffective assistance where there appears no great likelihood that such an expert would have reached a contrary opinion and where, as here, counsel engaged in searching and probative cross-examination of all of the witnesses (*see, Matter of Baker v Baker*, 283 AD2d 730, 731, *lv denied* 96 NY2d 720). By reviewing the totality of the circumstances as disclosed by the record, we conclude that respondent received meaningful and effective assistance of counsel.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.