█ In the Matter of JEFFREY S. LANGER, Respondent, v KIMBERLY H. LANGER, Appellant. [740 NYS2d 484] —Crew III, J. Appeal from an order of the Family Court of Cortland County (Avery, Jr., J.), entered October 13, 2000, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

Petitioner and respondent were married in 1990 and are the biological parents of a daughter born in 1992. Respondent vacated the marital residence in August 1999, leaving the child with petitioner. Petitioner subsequently commenced this proceeding seeking sole custody of the child and, shortly thereafter, respondent cross-petitioned for similar relief. A fact-finding hearing ensued,[1] during the course of which testimony was received from, among others, petitioner and respondent, and the child was examined in camera. By order entered October 13, 2000, Family Court, inter alia, awarded petitioner sole custody of the child, prompting this appeal by respondent.

once again whether he is in fact actually aggrieved by this aspect of the September 21, 2000 order (*see*, CPLR 5511).

1. At the time of such hearing, it does not appear that the parties had executed a separation agreement or initiated an action for divorce.

We affirm. As the child's initial Law Guardian observed in her closing argument, "neither parent is the paradigm of a parental role model for a young, impressionable child." Indeed, the record plainly demonstrates that both parties have made personal and professional decisions that may only be described as demonstrating a marked lack of judgment. Nonetheless, based upon our review of the record as a whole, and taking into consideration each parent's respective strengths, weaknesses and ability to provide a stable and nurturing environment for the child (*see, Matter of Bates v Bates*, 290 AD2d 732, 732-733), we cannot say that Family Court erred in concluding that it was in the child's best interest to award sole custody to petitioner. Where, as here, the parties present divergent views of the role each played in the child's upbringing and the various marital transgressions allegedly committed by one another, we deem it appropriate to defer to Family Court's resolution of the underlying credibility issues (*see, id.* at 733). Crediting petitioner's testimony, as Family Court did, it is apparent that petitioner, who at the time of the hearing continued to reside in the marital residence, had been consistently employed for a number of years and was actively involved in the child's daily care and activities, is better able to provide the child with a stable and consistent home environment. Accordingly, Family Court's order is affirmed.[2]

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** To the extent that the child's Law Guardian on appeal asserts that the visitation awarded to respondent is inadequate, in light of the fact that respondent has not briefed this issue on appeal, we decline the invitation to address it.