■ In the Matter of KENNETH F. KNAPP, Respondent, v AUDREY E. KNAPP, Appellant. [745 NYS2d 587] —Mugglin, J. Appeal from an order of the Family Court of Sullivan County (Ledina, J.), entered February 29, 2000, which, inter alia, partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent are the parents of three children, Erica (born in 1983) Richard (born in 1988) and Kevin (born in 1991). After they separated, a Family Court order was entered on May 28, 1992, based on their stipulation, awarding custody of the three children to respondent, with visitation rights reserved to petitioner. On this appeal, respondent seeks reversal of Family Court's order awarding custody of Richard to petitioner.

To warrant a change in a prior order of custody, a petitioner must proffer evidence of a significant change in circumstances showing a real need for change in the best interest of the child

(*see, Matter of Carnrike v Kasson*, 291 AD2d 680, 681). In addition, it must be shown that such change will " 'substantially enhance the child's welfare and the custodial parent is shown to be unfit or less fit to continue as the proper custodian' " (*Matter of Stoesser v Dunham*, 260 AD2d 958, 959, quoting *Matter of Buhrmeister v McFarland*, 235 AD2d 846, 847).

Here, the evidence of respondent's psychiatric problems, her hatred of petitioner, her attempts to alienate the children from petitioner, her inability to control the behavior of the children despite the intervention of outside agencies, the hospitalization of Richard on two occasions in a children's psychiatric hospital due to conflicts with respondent and his siblings, Richard's improvement when living with a maternal aunt, and petitioner's fitness as a parent overwhelmingly support Family Court's conclusions that there has been a significant change in circumstances and that it is in Richard's best interest that petitioner be his custodial parent. Family Court's findings have a sound and substantial basis in the record and will not be disturbed (*see, Matter of Joshua QQ.*, 290 AD2d 842; *Matter of Bates v Bates*, 290 AD2d 732), as they promote the best interest of this child (*see, Matter of Cornell v Cornell*, 290 AD2d 735).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.