■ In the Matter of Tom S. Gonya, Respondent, v Amy E. Gonya, Appellant. (And Another Related Proceeding.) [749 NYS2d 287] —Crew III, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered January 12, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.

The parties were married in 1994 and, together, have two children, William (born in 1995) and Nathaniel (born in 1997).* Following an incident in July 2000, respondent vacated the marital residence with William, leaving Nathaniel with petitioner. Petitioner thereafter commenced this proceeding seeking sole custody of the parties' two minor children, and respondent cross-petitioned for similar relief. Pending trial, the parties agreed to a joint custodial arrangement, whereby the children spent an equal amount of time with each parent. Following a three-day hearing, Family Court granted petitioner's application and awarded sole legal and physical custody of the children to petitioner with liberal visitation to respondent. This appeal by respondent ensued.

We affirm. "Judicial review of a custody determination is guided by the sound principle that the trial court is in the best

---

* Respondent also has two children from a previous marriage.

position to assess the credibility of the witnesses testifying and, therefore, its findings * * * are accorded great respect and deference if they have a sound and substantial basis in the record" (*Matter of Bates v Bates*, 290 AD2d 732, 733 [citations omitted]). Here, based upon our review of the record as a whole, and taking into consideration petitioner's and respondent's respective strengths and weaknesses as parents, as well as their ability to provide a stable and nurturing environment for their children, we cannot say that Family Court erred in awarding sole legal and physical custody of the children to petitioner (*see Matter of Langer v Langer*, 293 AD2d 784, 785).

While it is uncontested that respondent was the children's primary caregiver prior to the parties' separation, it is equally clear from the record that petitioner, who worked on a farm owned by his parents, spent time with the children during his daily work breaks and was actively involved in obtaining services to meet the children's developmental delays. In this regard, the record reveals that respondent interfered on various occasions with the speech therapy provided to Nathaniel and was resistant to additional services for the child when such services were recommended. Additionally respondent, who was diagnosed as suffering from depression, consistently failed to address her own mental health issues, as evidenced by her refusal to take her prescribed medication. In short, respondent evidenced a troubling tendency to place her own needs above those of her children. Thus, while petitioner indeed works long hours, we nonetheless are persuaded that he presently is more capable of providing a stable home environment for the children than respondent. To the extent that the Law Guardian recommended that custody be awarded to respondent, we need note only that such recommendation, while worthy of serious consideration, is not binding upon this Court (*see Matter of Richard YY. v Sue ZZ.*, 249 AD2d 885, 886). Accordingly, Family Court's order is affirmed.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.