■ In the Matter of RICHARD KNOLL, Appellant, v DIANNA WATERS, Respondent. [760 NYS2d 245] —Peters, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered January 23, 2002, which, inter alia, granted respondent's application, in a proceeding pursuant to Family Ct Act article 6, for physical custody of the parties' child.

The parties are the parents of Justin (born in 1994), who is a special needs child. When they separated after eight years, both parties sought sole custody. After the appointment of counsel and a Law Guardian, Family Court awarded temporary

custody to respondent and ordered a child protective investigation (*see* Family Ct Act § 1034 [1]). It revealed a March 1999 allegation of inadequate guardianship and lack of supervision regarding this child and respondent's two other children, Earl and Michael, both living with the parties and Justin. It was found that Michael, who had been adjudicated to be a person in need of supervision, was left in charge of Earl, then age 9, and Justin, then age 4, from 5:00 P.M. until midnight while respondent worked because petitioner refused to babysit. On numerous occasions, Michael would leave Earl and Justin alone. Despite the concerns expressed about this arrangement, petitioner refused to provide for their care. After a fact-finding hearing, Family Court awarded joint custody of Justin to the parties, with physical custody to respondent. Petitioner appeals and we affirm.

"The paramount consideration in determining custody is the best interests of the child" (*Barney v Barney,* 301 AD2d 950, 951 [2003] [citations omitted]). Recognizing that the trial court is uniquely able to assess the credibility of the witnesses before it, its findings will be " 'accorded great respect and deference if they have a sound and substantial basis in the record' " (*Matter of Gonya v Gonya,* 298 AD2d 636, 637 [2002], quoting *Matter of Bates v Bates,* 290 AD2d 732, 733 [2002]). In making such determination, numerous relevant factors must be assessed. These will include the parties' relative fitness, the child's age, the quality of the home environment, the ability of each to meet both the emotional and intellectual needs of the child and the ability of each to foster a relationship with the other parent should custody be awarded (*see Barney v Barney, supra* at 110; *Matter of Gonya v Gonya, supra* at 637; *Matter of Bates v Bates, supra* at 733). Upon our review of this record, we find a sound and substantial basis for the determination rendered.

Testimony revealed that petitioner typically cared for Justin while respondent worked, was often unemployed and had lost his driver's license for failure to pay child support for his other two children. At the time of trial, he resided in an apartment with one bedroom and one bed, proposing to share such bed with Justin should custody be awarded to him.

Unfortunately, respondent's parenting skills were not without problems. At the time of trial, Michael was in jail and Earl's custody had been transferred to respondent's sister. Yet, respondent remained Justin's primary caregiver, cooperated with his teachers and actively sought to meet his educational and medical needs. At the time of trial, she testified that she

had a means of transportation and lived in a large two-bedroom apartment where she planned on staying at home with Justin while her boyfriend supported the family.* While we acknowledge the numerous allegations made by petitioner concerning respondent's abuse of Justin, such allegations were insufficient to overcome the contrary evidence presented in light of the deference accorded to the credibility determinations made by Family Court (*see Matter of Youngok Lim v Sangbom Lyi,* 299 AD2d 763, 764 [2002]).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* They have since married.