■ In the Matter of WESLEY G. GOODALE, III, Respondent , v BARBARA A. LEBRUN, Appellant. [761 NYS2d 396] —Peters, J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered November 13, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner and respondent are the parents of a daughter, Cheyenne, born in 1999. During their relationship, they lived in petitioner's residence. In the spring of 2001, respondent left with Cheyenne and moved in with her parents. Petitioner commenced a custody proceeding, prompting a similar petition by respondent.

At the initial appearance before Family Court, the parties were granted joint physical and legal custody and were ordered to undergo alcohol, drug and psychological evaluations. After a hearing where numerous witnesses testified, including Lydia Treadway, the court-appointed psychologist, sole legal and physical custody of Cheyenne was granted to petitioner. Upon appeal, respondent contends that Family Court erred in its best interests analysis—the primary consideration in a custody proceeding (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Caccavale v Brown,* 271 AD2d 717, 718 [2000])—by inappropriately relying upon Treadway's testimony and the report she prepared. We disagree.

While our authority, in matters of this kind, is as broad as

that of the trial court (*see Hanna v Hanna*, 267 AD2d 903, 904 [1999], *lv dismissed* 94 NY2d 943 [2000]; *Matter of De Losh v De Losh*, 235 AD2d 851, 853 [1997], *lv denied* 89 NY2d 813 [1997]), we typically accord deference to the factual findings made by Family Court if they are adequately supported (*see Matter of Ebel v Urlich*, 273 AD2d 530, 531 [2000]; *Matter of Caccavale v Brown, supra* at 718). Here, our review reveals that the court's analysis of the report and Treadway's testimony has a sound and substantial basis in the record (*see Matter of Bates v Bates*, 290 AD2d 732, 733 [2002]). This was only one of the numerous factors that it was required to and did consider (*see Matter of Fortner v Benson*, 306 AD2d 577, 578 [2003]; *Matter of Bates v Bates, supra* at 732-733).

Respondent's challenge to Treadway's credentials is unfounded; Treadway had over 20 years of experience as a psychologist and had conducted over 100 custody evaluations prior to the time she testified. Her testimony was clear and direct. She opined that only petitioner was willing and able to set limits for Cheyenne and respondent's own testimony confirmed her limitations in this regard. Treadway also opined that both respondent and her mother had difficulties with anger control—an observation confirmed by both petitioner and respondent.

Petitioner owns his residence which is adjacent to his store. He structures his business around the needs of Cheyenne and his 11-year-old daughter from a prior relationship. Both girls have an excellent relationship with each other as well as with petitioner's paramour, Dianna Fuller. Petitioner is financially stable and has demonstrated his commitment to placing his children's needs over his own while respondent receives public assistance and is financially dependent upon her parents. Notably, Family Court recognized that both parties have difficulties with substance abuse and aggression.

In light of the totality of the circumstances and the parties' history of fostering an acrimonious and physically violent relationship, we find no basis upon which we would disturb the determination rendered since Family Court extensively reviewed all testimony and reports, consistently focusing on what would be in the best interests of Cheyenne. As this determination was in accord with the recommendations of both the court-appointed psychologist and the Law Guardian, we find that respondent has failed to demonstrate an abuse of the court's discretion.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.