◼ In the Matter of SCOTT DUDNIAK, Respondent, v SUMMER OLMSTEAD, Appellant. [761 NYS2d 714] —Mugglin, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered May 6, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner and respondent are the unwed parents of a daughter, Taylor, who was born in December 1998. Prior to their daughter's second birthday, the parties moved in with petitioner's parents. In mid-2001, respondent left the residence and, approximately two months later, moved into a two-bedroom trailer with her sister's ex-boyfriend and his one-year-old son. Taylor continued to reside with petitioner, but visited respondent on the weekends. In February 2002, respondent refused to return Taylor to petitioner, prompting this custody proceeding. During the pendency of the proceeding, a consent order was issued under which the child lived with petitioner Monday through Friday, and with respondent for the first three weekends of each month. Following a hearing in April 2002, Family Court awarded the parties joint custody of their child, but also awarded primary physical custody to petitioner with

visitation to respondent, among other times, on alternating weekends. Respondent appeals.

A court's goal, in any contested custody dispute, is to achieve a result which is consistent with the best interests of the child (*see Barney v Barney*, 301 AD2d 950, 951 [2003]). Such determinations are made in the exercise of sound discretion after careful review of numerous relevant factors, including, but not limited to, the relative fitness of the parties, the child's age, the quality of the home environment, the ability of each parent to meet the emotional and intellectual needs of the child, and the length of time the present custody arrangement has been in place and each parent's past performance with respect thereto (*see Matter of Knoll v Waters*, 305 AD2d 741,742 [2003]; *Matter of Murray v McLean*, 304 AD2d 899, 899-900 [2003]).

This record makes clear that Family Court considered each of these factors, finding that petitioner's home environment, in which the child has her own bedroom and where petitioner's parents can provide care while he is working, clearly were superior to respondent's trailer, where the child did not have a room of her own. Moreover, it is clear that petitioner promoted the emotional and intellectual needs of the child by routinely reading to her and enrolling her in a preschool program, activities in which respondent was not involved. It is further clear from the record that, as between these parties, only petitioner is the parent who would promote visitation for the other parent.

Respondent's allegations that she was a victim of domestic abuse at the hands of petitioner, that petitioner's home was chaotic and that she had made affirmative changes in her life between February and April 2002 to better care for the child, raised, in light of the contrary testimony, credibility issues for Family Court to determine. Such determinations are accorded great deference by this Court (*see Matter of Knoll v Waters, supra* at 742; *Matter of Scala v Parker*, 304 AD2d 858, 858-859 [2003]). It is apparent from Family Court's decision that these allegations were discounted in large part due to respondent's failure to make such charges before this proceeding and the affirmative changes she alluded to were too recent to have probative value. Thus, we conclude that Family Court's decision has a sound and substantial basis in the record and will not be disturbed.

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.