■ In the Matter of BRUCE BB., Respondent, v DEBRA CC., Appellant. [761 NYS2d 733] —Mugglin, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered July 17, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties, who were never married, are the parents of Elisa (born in August 2001). Petitioner commenced this

proceeding in January 2002, seeking sole legal and primary physical custody of the child and respondent cross-petitioned for the same relief. Numerous witnesses testified at the fact-finding hearing, including family members, friends, medical providers, the parties, teachers, a school nurse and a school psychologist who had contact with Elisa's eight-year-old half sister. After evaluating the testimony and considering the recommendation of the Law Guardian in favor of awarding custody to petitioner, Family Court did award him custody with liberal visitation to respondent. On this appeal, respondent asserts that petitioner failed to show that there was a significant change in circumstances which would warrant a change in custody, that Family Court improperly considered irrelevant evidence in reaching its determination, and that Family Court's determination is not supported by the record.

At the outset, we note the absence of any formal custody agreement or order, as physical custody with respondent arose simply from acquiescence and a tacit understanding. Informal custodial arrangements and even temporary custody orders, issued without the benefit of a full plenary hearing, are simply a factor relevant to the ultimate determination (*see Matter of Auffhammer v Auffhammer*, 101 AD2d 929, 929 [1984]; *Matter of Murray v McLean*, 304 AD2d 899, [2003]). "The rules germane to resolution of any custody dispute are well established and focus principally on ascertaining the best interest of the child involved" (*Matter of Bates v Bates*, 290 AD2d 732, 732 [2002] [citations omitted]). Accordingly, we reject respondent's contention that petitioner was required to prove a significant change of circumstances as a condition precedent to modification of the parties' informal custodial arrangement.

Any custodial determination requires an examination of the totality of the circumstances to ascertain precisely what is in the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]). In arriving at a reasoned determination, the trial court is to assess and weigh many factors, including the needs of the child, the ability of the competing parents to address those needs, the respective home environments and the stability of that environment, the fitness of each parent, the effect of a grant of custody on the noncustodial parent and the recommendation of any Law Guardian (*see Matter of Bates v Bates, supra* at 732-733; *Matter of Spencer v Small*, 263 AD2d 783, 784-785 [1999]). "The findings of Family Court are accorded great deference, both with respect to the facts and credibility of the witnesses, and its determinations will not be disturbed unless lacking a sound and substantial basis" (*Mat-*

*ter of Hudson v Hudson*, 279 AD2d 659, 661 [2001] [citation omitted]; *see Matter of Donato v McLaughlin*, 249 AD2d 859, 859 [1998]).

In our view, the record adequately supports Family Court's finding that the child was at risk and failing to thrive under the care rendered by respondent. In this regard, although respondent was encouraged to supplement the child's diet during breast feeding, respondent's supplementation was either erratic or nonexistent. The record amply supports Family Court's finding with respect to the home environments of the parties, the relative fitness of the parties and their respective abilities to promote and foster the intellectual and emotional development of the child. Clearly, Family Court properly considered evidence of respondent's failure to address her other child's physical and emotional needs as bearing on respondent's custodial fitness and the overall best interests of this child. Notably, respondent exhibited a pattern of neglecting and ignoring the recommendations of various medical providers regarding the physical and mental needs of her older child. Contrary to respondent's assertions, we conclude that this evidence was particularly relevant on the custodial determination herein. Therefore, we conclude that Family Court's award of primary physical custody to petitioner was supported by a sound and substantial basis in the record and constitutes a proper exercise of Family Court's discretion.

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.