■ In the Matter of KIMBERLY CUOZZO, Appellant, v SCOTT RYAN, Respondent. [761 NYS2d 740] —Spain, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered March 13, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody and visitation.

In August 2001, petitioner filed a petition in Family Court for modification of a February 2001 stipulated order that had granted the parties joint legal custody of their two young daughters with physical custody to petitioner and visitation rights to respondent "during alternating weekends and during two additional days each week." The petition sought to modify respondent's alternate weekend visitation so that it ends on Sunday evenings, as opposed to Monday mornings, and that his two weekday visits end at 7:00 P.M. instead of the following morning. On the consent of the parties, the petition was referred to the Dispute Resolution Center of Chenango and Delaware Counties where the parties agreed, among other things, to maintain the status quo with the exception that respondent's visitation every other weekend would be from Friday at about 4:00 P.M. through Monday at 7:00 A.M. The terms of that mediated agreement were approved by Family Court and incorporated into an order.

Shortly thereafter, petitioner filed the instant petition for modification of custody and visitation, again asking that respondent's weekend visitation end on Sunday evenings and that his weekday visits no longer be overnight, citing as a change in circumstances that the older child had been having problems in school, having been diagnosed with attention deficit hyperactivity disorder, and that the overnight visitation during the week was disruptive to the routine and structure needed by both children, especially the older child. Following a hearing, Family Court modified its previous orders by, among other things, continuing joint custody and awarding each party physical custody of the children during alternating months subject to certain visitation rights of the other. Petitioner now appeals from that order contending that Family Court abused its discretion in denying her sole custody and in awarding alternating monthly physical custody, and we affirm.

It is well settled that an existing custody arrangement is

subject to alteration by the court only if there is a "showing of changed circumstances demonstrating a real need for a change to ensure the child[ren's] best interest[s]" (*Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002]; *see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). Moreover, as it "is in the best position to assess the credibility of witnesses" (*Matter of Russo v Russo*, 257 AD2d 926, 927 [1999]; *see Matter of Sheavlier v Melendrez*, 296 AD2d 622, 623 [2002]), Family Court's factual findings are to be accorded great deference and will be disturbed only where it can be shown that they lack a sound and substantial basis in the record (*see Matter of Murray v McLean*, 304 AD2d 899, 899-900 [2003]; *Matter of Von Dwingelo v Von Dwingelo*, 279 AD2d 663, 664 [2001]).

That a change in circumstances exists is undisputed. The older child's diagnosis and her related difficulties in school, which were exacerbated by the disruptions in the children's routine during the week, provided ample basis for the modification. Family Court crafted a custodial arrangement, consistent with the position of the Law Guardian, which minimizes the frequency of transitions between the households. While different from what petitioner requested, it cannot be said that the arrangement lacks a sound and substantial basis in the record, especially where, as here, both parties are capable and caring parents and the existing arrangement had already provided for the children to be with each parent for almost an equal amount of time.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.