Stephen A. Munson, Respondent, v Bambi M. Lippman, Appellant. [770 NYS2d 448]—

Peters, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered September 25, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent are the parents of a child born in 1996. The record alludes to a 1998 order granting custody to respondent and a July 2001 order granting visitation to petitioner. Thereafter, petitioner exercised regular visitation and, by petition dated April 2002, sought to obtain custody of the child. Af-

ter a hearing, Family Court granted petitioner's application and this appeal ensued.

While Family Court was unable to confirm the existence of a prior order of custody, the parties agreed that such order had been made. Thus, Family Court applied the more rigorous test used to modify an existing custody order which mandates that it remain undisturbed absent a showing of a change in circumstances such that a change in custody would advance the best interests of the child (*see Matter of Engwer v Engwer*, 307 AD2d 504, 505 [2003]; *Matter of Ciannamea v McCoy*, 306 AD2d 647, 647 [2003]). Upon appeal, we will accord deference to the findings and credibility assessments made by Family Court if they are supported by a sound and substantial basis in the record (*see Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409-410 [2003]; *Matter of Cuozzo v Ryan*, 307 AD2d 414, 415 [2003]).

The change in circumstances demonstrated here was the child's deteriorating dental hygiene, evident from approximately 1½ years of age until he was over five years old. By that time, the child's teeth suffered from bottle rot, infections and abscesses. The deterioration of several teeth required them to be capped. As a decline in a child's health is sufficient to constitute a change in circumstances (*see e.g. Matter of Cuozzo v Ryan, supra* at 415; *Matter of Knapp v Knapp*, 296 AD2d 604, 605 [2002]), Family Court properly engaged in a best interests analysis. Viewing the totality of the circumstances to ascertain the best interests of this child, Family Court weighed numerous factors, including his needs, the length of the existing custody arrangement and the fitness and ability of each parent to provide for the child's emotional development (*see Matter of Bruce BB. v Debra CC., supra* at 409-410; *Matter of Ciannamea v McCoy, supra* at 647-648). Respondent's less than vigilant approach to the child's dental hygiene was noted as well as her unstable home environment; she lived in four different overcrowded residences within a one-year period with hasty and unplanned moves between them. When respondent was working, the child was placed in the care of a babysitter where there was rampant drug use and the continued presence of a potentially dangerous individual. Petitioner's home, on the other hand, provided a long-term stable and secure environment where the child had a separate bedroom, clean clothes and adequate health care. Notwithstanding respondent's long-term custodial care, the benefits of this secure environment, coupled with a nurturing relationship with petitioner's fiancée, were evident to both the Law Guardian and Family Court. For these reasons, the change in custody was soundly grounded.

In so finding, we reject any error alleging a failure to order psychological evaluations when respondent "failed to squarely place the need for such tests before the court" (*Matter of Peters v Peters*, 260 AD2d 952, 953 [1999]). With nothing in the record suggesting that psychological problems were at issue, we decline further review (*see Matter of Smith v Kalman*, 235 AD2d 848, 849 [1997]).

Nor are we persuaded that Family Court failed to properly consider the Law Guardian's position. While the position of the Law Guardian is a factor to be considered (*see Matter of Bruce BB. v Debra CC., supra* at 409), the court need only take it under advisement (*see Matter of Engwer v Engwer, supra* at 505; *Barney v Barney*, 301 AD2d 950, 952 [2003]). Although the Law Guardian urged at trial that only temporary physical custody be granted to petitioner, upon appeal she wholly supports the current custody order. Moreover, the court's order reflects the Law Guardian's suggestion that the child's relationship with his half brother be fostered.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.