◼ In the Matter of CAROLYN ADENAIKE, Now Known as CAROLYN KEYES, Respondent, v DAVID ADENAIKE, Appellant. [785 NYS2d 190]—

Lahtinen, J. Appeal from an order of the Family Court of Sullivan County (Ledina, J.), entered September 30, 2002, which,

inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act articles 6 and 8, for custody of the parties' child.

The parties were married in 1992 and are the parents of a son born in 1996. Their relationship deteriorated and petitioner (hereinafter the mother) eventually left the marital residence with the child in October 2000. She thereafter commenced this custody proceeding and a temporary order was issued granting her physical custody, with respondent (hereinafter the father) entitled to visitation. While the custody hearing was proceeding on intermittently scheduled dates in 2001 and 2002, the parties became so embittered and uncooperative that Family Court relocated the place for exchanging the child between visitation to the police department in the Town of Crawford, Orange County. In addition, a series of further proceedings, allegations and accusations ensued including, among other things, hotline reports, a family offense petition, violation petitions and requests to modify the temporary visitation order. At the conclusion of the custody hearing, Family Court found both parents to be fit, but observed that joint custody was not feasible and, thus, after weighing various factors relevant to the best interests of the child, ultimately awarded custody to the mother with liberal visitation for the father. The court dismissed all other petitions filed by the parties. The father appeals.

We affirm. The predominate consideration in addressing a custody dispute is the best interests of the child (*see Matter of Knoll v Waters,* 305 AD2d 741, 742 [2003]; *Matter of Youngok Lim v Sangbom Lyi,* 299 AD2d 763, 764 [2002]). Numerous factors are relevant in the best interests analysis including, among others, "the relative fitness of the parties, the child's age, the quality of the home environment, the ability of each parent to meet the emotional and intellectual needs of the child, and the length of time the present custody arrangement has been in place and each parent's past performance with respect thereto" (*Matter of Dudniak v Olmstead,* 307 AD2d 404, 405 [2003]; *see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946, 947 [1985]). Credibility assessments of the trial court generally receive deference on appellate review unless unsupported by the record (*see Grandin v Grandin,* 8 AD3d 710, 712 [2004]; *Matter of Gonya v Gonya,* 298 AD2d 636, 636-637 [2002]).

Here, Family Court discussed pertinent factors in the best interests analysis and made the credibility assessments necessitated by the contrasting versions of various events portrayed by the parties. The evidence in the record supports its findings that both parents are fit, but that the mother has been the

main provider of "nurturing, cleaning, feeding, dressing [and] nursing" and she has been actively involved with the child in reading, playing, attending events and providing religious instruction. The child had been left in the mother's exclusive care for extended periods of time, including when the father temporarily moved to California while these proceedings were pending. The father's allegations that the mother's life lacked stability, that she interfered with visitation, abused alcohol and did not properly supervise the child were found to be unsupported by credible evidence. Review of the record reveals no reason to disregard Family Court's determinations in such regard. Moreover, given the obvious animosity between the parties, Family Court correctly concluded that joint custody was not a viable option (*see Nelson v Nelson*, 290 AD2d 826, 827 [2002]).

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.