■ In the Matter of JEFFREY R. DREW, Respondent, v SONYA GILLIN, Appellant. [792 NYS2d 691]—

Mugglin, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered September 19, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

In June 2001, petitioner and respondent consented to the entry of a Family Court order which awarded joint custody of their only child with primary physical custody to respondent, subject to petitioner's visitation. In the present proceeding, petitioner seeks sole custody alleging that, since the entry of the original order, respondent has been drinking alcohol to excess, has permitted the child to be unnecessarily absent or tardy from school a substantial number of days and has neglected the child's health and emotional needs. Following a fact-finding hearing, petitioner was granted sole custody of the child. Respondent appeals.

We affirm. First, respondent contends that Family Court failed to find a change in circumstances since the entry of the initial order and thus the matter should be remitted to Family Court for such a determination. Although Family Court did not specifically state that it found a sufficient change in circumstances, our review of the record reveals extensive findings of fact, placed on the record by Family Court, which demonstrate unequivocally that a significant change in circumstances occurred since the entry of the consent custody order. Remittal is unnecessary as the record allows complete review of the underlying custody determination (*compare Matter of Lewis v Johnson*, 302 AD2d 756, 757 [2003]).

Next, respondent contends that even if the requisite change in circumstances is present, the best interests of the child require continuation of the original order. We cannot agree. The record reveals several occasions when respondent was the victim of domestic violence, perpetrated by her boyfriends, and witnessed by the child. On one occasion, the child was exposed to a known child molester. There was also an incident of domestic violence instigated by respondent against petitioner in the presence of the child who was terrified by the incident. In addition, respondent's excess drinking resulted in incidents of violence and her arrest for driving while intoxicated. Respondent was also charged with felony grand larceny and eventually pleaded to a misdemeanor. Testimony also established that while in respondent's care, the child had head lice three times. In addition, the child was absent from school 20 days and tardy an

additional 13 days, largely because respondent failed to get up in time. Finally, while living in an area that respondent acknowledged to be dangerous, she permitted this six-year-old girl to go to the playground unsupervised.

Family Court assessed the parties' credibility and we give due deference to its findings of fact (*see Matter of Hitchcock v Kilts*, 4 AD3d 652, 654 [2004]; *Matter of Cuozzo v Ryan*, 307 AD2d 414, 415 [2003]). Here, the best interests of the child require a modification of the custody arrangement. Although Family Court properly acknowledged that petitioner was not a model parent, the record demonstrates that respondent is a less fit parent and that awarding sole custody to petitioner would substantially enhance the child's welfare (*see Matter of Knapp v Knapp*, 296 AD2d 604, 605 [2002]).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.