In the Matter of CHAD PUTNAM, Appellant, v ROSEMARY SATRIANO, Respondent. [794 NYS2d 493]—

Rose, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered February 23, 2004, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for primary physical custody of the parties' child.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the biological parents of a child born in 2000. The parties had been residing with the father's relatives in Broome County when the mother became dissatisfied with that living arrangement and, unable to persuade the father to establish a household of their own, she moved with the child to the home of her parents in Putnam County. In December 2002, the parties' relationship ended after an extended period of living apart, during which the child continued to reside with the mother and the mother became romantically involved with a coworker. In August 2003, just before the mother's marriage to her coworker, the father filed for joint legal custody of the child, with the child's primary residence to be with him. Following a hearing, Family Court granted the parties joint custody of their child, made the child's primary residence with the mother and granted the father liberal visitation.

The father now appeals, contending that Family Court's decision is unsupported by the record and fails to properly consider the Law Guardian's recommendation. We disagree. In determining who should be the custodial parent, Family Court is required to consider the best interests of the child (see *Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Matter of Goodale v Lebrun*, 307 AD2d 397, 397 [2003]) by reviewing the totality of the circumstances (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-94 [1982]). " '[I]ts determinations will not be disturbed unless lacking a sound and substantial basis' " in the record (*Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409 [2003], quoting *Matter of Hudson v Hudson*, 279 AD2d 659, 661 [2001]).

Our review of the record and Family Court's carefully considered decision reveals that both parties are competent, caring and cooperative parents, each with demonstrated

strengths and weaknesses. On the one hand, the mother has been the primary caregiver since the child's birth, she has a stable home environment and, due to her husband's employment, she can remain home with the child much of the time. On the other hand, while the father has a demanding work schedule which limits his availability for child care and he continues to reside with and rely upon relatives, his role in the child's life has become increasingly active and caring. In addition to these considerations, Family Court found that the mother has consistently made the child available for visitation with the father. Family Court's determination rests upon its assessments of the credibility of the witnesses and the character, temperament and sincerity of the parents (*see Matter of Meola v Meola,* 301 AD2d 1020, 1021 [2003]; *Matter of Grathwol v Grathwol,* 285 AD2d 957, 958 [2001]), and we do not find that it lacks a sound and substantial basis in the record—despite the contrary view of the Law Guardian (*see Matter of Hitchcock v Kilts,* 4 AD3d 652, 654 [2004]).

Mercure, J.P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.