■ In the Matter of JASON DEFAYETTE, Respondent, v KATRINA DEFAYETTE, Appellant. (And Another Related Proceeding.) [812 NYS2d 185]—

Mugglin, J. Appeal from an order of the Supreme Court (Lawliss, J.), entered December 10, 2004 in Clinton County, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

and submit a new RAI pursuant to the stipulation of settlement in *Doe v Pataki* (*supra*).

Petitioner and respondent, the estranged parents of a daughter (born in 2003), cross-petitioned for custody. Due to a harassment charge against respondent, both petitions were heard in an Integrated Domestic Violence Part of Supreme Court. Following two days of testimony, Supreme Court issued a bench decision awarding sole legal and physical custody to petitioner, the father. Respondent appeals, arguing only that the custody determination is improper.

When called upon to make an initial custody decision, a trial court must determine the best interests of the child by reviewing the totality of the circumstances (*see Matter of Putnam v Satriano,* 18 AD3d 921, 921 [2005]; *Webster v Webster,* 283 AD2d 732, 732-733 [2001]). Thus, factors such as the quality of the parents' past performance, their home environment, their relative fitness, their respective willingness to nurture, provide for and guide the child and to affirmatively foster a meaningful relationship with the other parent are some of the factors which merit consideration in reaching a sound conclusion as to placement (*see Matter of Anson v Anson,* 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]).

Applying these principles, we conclude that Supreme Court properly awarded full primary custody to petitioner. As an initial matter, the record reveals no basis upon which to disturb Supreme Court's assessment of the credibility of the parties and various witnesses and, accordingly, we accord appropriate deference to those findings (*see id.* at 604). Moreover, it is readily apparent that both parents love the child and are concerned for her welfare. The record further reflects that throughout the course of the marriage, petitioner has been the primary caregiver of the child and of respondent's other children. Additionally, and particularly since acquiring court-ordered temporary custody in July 2004, petitioner has demonstrated a firm commitment to the child's welfare, insuring that the child receives all necessary medical checkups and treatment. Notably, petitioner's head injury and cerebral palsy have no present impact on his abilities as a caregiver according to the unchallenged expert medical testimony. In contrast, the evidence suggests that respondent has not appropriately dealt with her depression and her aggressive and impatient behavior towards the child. Petitioner has maintained stable employment, created suitable living arrangements for the child and has an extended family support network. On the other hand, respondent has a history of poor decision making. Her three children have different fathers, her first two paramours being convicted level III sex offenders. Her employment and living arrangements have

frequently changed. Moreover, since the separation of the parties, respondent has made three separate reports of child abuse by petitioner, each of which has proven to be unfounded, causing Supreme Court to conclude that she made them in an apparent attempt to gain an advantage in this proceeding. Finally, although not conclusive, the award of primary custody to petitioner is in accord with the position advocated by the Law Guardian (*see Matter of Gregio v Rifenburg,* 3 AD3d 830, 832 [2004]; *Matter of Gonya v Gonya,* 298 AD2d 636, 637 [2002]).

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.