In the Matter of ERICA E. HOSTETLER, Appellant, v JASON V. MONTANYE, Respondent. (And Two Other Related Proceedings.) [816 NYS2d 584]—

Lahtinen, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered May 25, 2005, which, inter alia, granted respondent's application, in three proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner and respondent are the parents of a son (born in 2003). On or about August 16, 2004, respondent, the child's father, left a note at petitioner's place of employment notifying her that he was moving out of the trailer where they resided in the Town of Otego, Otsego County, taking the child with him, and filing for custody. He contacted petitioner shortly thereafter, informing her that he and the child were residing with his mother in the Town of Marathon, Cortland County. Petitions for custody were filed on August 17 and 18, 2004, by petitioner and respondent, respectively.

During the fact-finding hearing, petitioner stated that she intended to move to Florida, where she had grown up and most of her family resided, whether or not she received custody of the child. The law guardian's position was that, in light of petitioner's unwaivering plan to move the child a substantial distance out of state and given the relatively stable environment in the home of respondent's mother where the child was residing, the child's best interests would be served by permitting respondent to have custody. In its decision, Family Court chastised respondent for the "deplor[able]" fashion in which he initially gained physical custody of the child. Nevertheless, after weighing and considering the evidence, the court concluded that awarding custody to respondent was in the child's best interests. Petitioner appeals.

The overriding concern in a custody determination is the best interests of the child under the totality of the prevailing circumstances (*see Matter of Defayette v Defayette*, 28 AD3d 820, 821 [2006]; *Matter of Putnam v Satriano*, 18 AD3d 921, 921 [2005]). Among the many factors weighed are "the relative stability and financial situation of the respective parents; each parent's fitness and ability to provide for and guide the [child's] intellectual and emotional development; and the quality of the home environment" (*Matter of Farnham v Farnham*, 252 AD2d 675, 676 [1998]). While a parent's resort to self-help in removing the child from the other parent is a factor that can militate strongly against such parent, it is not singularly dispositive (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *De Arakie v De Arakie*, 172 AD2d 398, 399 [1991]). Also, as relevant to the current matter, a party who desires to relocate a child a considerable distance from the other parent bears the burden of

showing by the preponderance of the evidence that the move is in the child's best interests (*see Matter of Brown v McGuire*, 245 AD2d 895, 896 [1997]). "Notably, great deference is accorded to Family Court, as it is in the best position to evaluate credibility having observed the parties during the hearing" (*Matter of Meola v Meola*, 301 AD2d 1020, 1021 [2003] [citations omitted]), and its determination will not be disturbed if it is supported by a sound and substantial basis (*see Matter of Farnham v Farnham, supra* at 676).

Here, Family Court considered the evidence that the child is currently residing in a five-bedroom house where he has his own bedroom and receives care from respondent, respondent's mother and his adult sister. The court noted that the child has been working with a speech therapist and respondent makes sure the child's medical needs are met. The court believed that respondent put the child's interests above his own and that the child was "being well cared for." Petitioner's living situation and plans, on the other hand, were perceived to be less desirable. She was residing in a trailer and had already sent her other child by a prior relationship to Florida to live with her mother. Her prior living arrangements in Florida were characterized by the court as "anything but stable" as she ostensibly would "spend a few nights a week at her mother's home, a few nights a week at an apartment that she had, sometimes she would stay with family, and sometimes she would stay with friends." Her current living plans in Florida would have put the child in a severely cramped home. To be sure, there was also evidence favorable to placing custody with petitioner and weighing against respondent. Indeed, we agree with Family Court that respondent's initial self-help efforts—even though of short duration—were unacceptable. Nevertheless, deferring to Family Court's credibility determinations, we find that its decision is supported by a sound and substantial basis.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.