■ In the Matter of JAMIE LA POINTE, Appellant, v MICHAEL LA POINTE, Respondent. [823 NYS2d 275]—

Carpinello, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered July 12, 2005, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties are the parents of one child (born in 2000). After their separation in the summer of 2004, the child continued to reside with respondent in the marital residence. Petitioner thereafter filed for custody.* Following a hearing, Family Court awarded the parties joint legal custody. With respect to the disputed issue of which parent would be awarded physical custody, the court concluded that, although both parties were adequate and loving parents who each evinced certain strengths and deficiencies, the child's best interest warranted placement with respondent because he had been the child's primary caretaker and the child was thriving. Petitioner appeals.

As often noted by this Court, "[t]he overriding concern in a custody determination is the best interests of the child under the totality of the prevailing circumstances" (Matter of Hostetler v Montanye, 30 AD3d 720, 721 [2006], lv denied 7 NY3d 710 [2006]; see Matter of Defayette v Defayette, 28 AD3d 820, 821 [2006]). Here, we find no reason to disturb Family Court's determination, which was made after weighing the various factors relevant to the best interest analysis (see id.). Although petitioner attempted to portray respondent as a highly volatile and abusive person who exhibited poor parental judgment and alienated the child from her, Family Court obviously considered

---

* A temporary order was entered giving the parties joint legal custody with primary physical custody to respondent and liberal visitation to petitioner.

her evidence in this regard and gave little credence to a significant portion of it (*compare Matter of Forsyth v White*, 266 AD2d 743, 744 [1999]). The court found only one incident of domestic violence between them and described it as an anomaly. The finding in this regard is not unfounded (*see Matter of Miller v Forker*, 243 AD2d 1006 [1997]).

To the extent that the parties both professed to be the child's primary caretaker prior to their separation, Family Court credited respondent's testimony on this issue as well. To this end, there was evidence that petitioner had a steady school and work schedule over the years, whereas respondent is disabled, which precludes him from working, at the very least, on a full time basis.

Next, while Family Court expressed concern over respondent's failure in the past to encourage the child's relationship with petitioner, the court nevertheless concluded that "he now has a better attitude and is cooperating with [p]etitioner." Indeed, the evidence reveals that the parties have, for the most part, been able to work together in an amicable fashion to permit petitioner to have liberal access to the child when she is not working. Another factor which weighed into Family Court's determination was the opinion of a court-appointed psychologist who performed a custody evaluation. According to this evaluator, the child is slightly more bonded with respondent. According due deference to Family Court's unique opportunity to assess the demeanor and credibility of all witnesses at the hearing, particularly the parties (*see Matter of Hostetler v Montanye, supra* at 722; *Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]; *Matter of Adenaike v Adenaike*, 12 AD3d 958, 959 [2004]; *Kaczor v Kaczor*, 12 AD3d 956, 958 [2004]), we find no reason to disregard its credibility determinations and find a sound and substantial basis in the record to support its determination (*see Matter of Hostetler v Montanye, supra*; *Matter of Adenaike v Adenaike, supra*; *Matter of Miller v Forker, supra* at 1007).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.