In the Matter of DAVIDA YETTE, Respondent, v MICHAEL J. YETTE, Appellant. (And Two Other Related Proceedings.) [834 NYS2d 547]—

Cardona, P.J. Appeals (1) from an order of the Family Court of St. Lawrence County (Potter, J.), entered August 15, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for sole custody of the parties' child, and (2) from an order of said court, entered August 15, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in violation of an order of protection.

The parties are the parents of a son born in 1999. Initially, the parties resided together with the child; however, after petitioner (hereinafter the mother) filed a family offense petition in 2004, Family Court awarded her temporary custody of the child with after-school and weekend visitation to respondent (hereinafter the father), and issued a temporary order of protection requiring the father to stay away from the mother and avoid harassing or threatening conduct towards her, the child, or the mother's other children. Several months later, the father admitted to certain allegations of physical abuse against the mother as set forth in the family offense petition and also admitted that he had violated the temporary order of protection. In December 2004, the court extended the order of protection for one year.

The mother then filed a petition seeking sole custody of the child, followed shortly thereafter by a petition alleging the father's violation of the December 2004 order of protection. The

father denied violating that order and cross-petitioned for custody. Following a lengthy trial on all petitions, Family Court issued an order finding the father in willful violation of the order of protection and sentencing him to a 15-day jail term, suspended for one year on the condition that he comply with a new, two-year order of protection issued therewith. By separate order, the court granted the mother sole legal and physical custody of the child with scheduled daytime visitation for the father. The order further provided that the father could apply for overnight visitation upon successfully participating in mental health counseling. The father appeals from both orders.

The father contends that his conduct did not rise to the level of willful violation of the December 2004 order of protection. Indeed, he argues that his conduct indicated a willingness and desire to comply with the order and did not support the assumption that he knew his actions would be harmful to either the mother or the child. He further argues that the record does not support Family Court's issuance of the new order of protection. We do not agree. According due deference to Family Court's assessment of the witnesses' credibility, we find that the court's determination was supported by a preponderance of the evidence (*see Matter of Bronson v Bronson,* 37 AD3d 1036, 1037 [2007]; *Matter of Birch v Sayegh,* 9 AD3d 514, 516 [2004]). In addition to the mother's testimony regarding threats made against her by the father, the record also contains numerous letters and an e-mail sent by the father to the mother, as well as several tape-recorded conversations that took place between them during the exchange of the child. This proof supports the court's conclusion that the father violated the December 2004 order by harassing the mother and, because certain of the conduct took place in the presence of the child, also violated the order by posing an unreasonable risk to the welfare of the child. Having found the father in violation of the previous order of protection, Family Court was empowered to issue the new two-year order of protection (*see* Family Ct Act §§ 846-a, 842).

We are also unpersuaded by the father's contention that Family Court should have awarded the parties joint custody of the child. When the parties' interactions are so acrimonious that they cannot "communicate effectively and amicably for the sake of their [child]" (*Matter of Eck v Eck,* 33 AD3d 1082, 1083 [2006]), joint custody is not in the best interest of the child (*see Braiman v Braiman,* 44 NY2d 584, 590-591 [1978]; *Golub v Ganz,* 22 AD3d 919, 923-924 [2005]). Here, as noted by Family Court, the existence of the order of protection is itself strongly indicative of the parties' embittered relationship (*see Matter of*

*Gaudette v Gaudette*, 262 AD2d 804, 805 [1999], *lv denied* 94 NY2d 790 [1999]; *Matter of Oseid v Daugherty*, 254 AD2d 600, 601 [1998]). Moreover, the father admitted to acts of verbal and physical abuse against the mother and the record contains at least one instance of the father using the child to deliver a harassing message to the mother. Additionally, both the mother and the child's teacher testified that the child exhibited violent and aggressive behavior during the period of time when he had overnight visits with the father, which behavior improved after the court discontinued such visits.

The father maintains that some of his own aggressive and erratic behavior was brought on by the multiple medications that he was taking for a back injury, a situation which he claims has improved since the installation of a morphine pump. In that regard, we note that Family Court's custody order provides that the father may apply for overnight visitation after participating in mental health counseling, without proving any other change of circumstances. In light of all these factors, Family Court's decision that the child's interests are presently best served by an award of sole legal and physical custody to the mother with scheduled daytime visitation to the father is supported by a sound and substantial basis in this record (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Hildenbrand v Hildenbrand*, 37 AD3d 981, 982 [2007]; *Matter of Hostetler v Montanye*, 30 AD3d 720, 722 [2006], *lv denied* 7 NY3d 710 [2006]; *Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]).

Finally, we are unpersuaded by the father's claim that his counsel was ineffective for failing to bring out, during the father's case-in-chief, that his inability to quickly recall past events was due to his history of taking pain medication. The father's medical history and its possible effects on his memory were fully explored on cross-examination; accordingly, he cannot demonstrate any actual prejudice in that regard (*see Matter of Anson v Anson*, 20 AD3d 603, 605 [2005], *lv denied* 5 NY3d 711 [2005]; *Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]).

Mercure, Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.