■ SHARON KUENEN, Respondent, v BOUDEWYN KUENEN, Appellant.—Order unanimously reversed, on the law, without costs, and petition dismissed. Memorandum: The record does not support Family Court's imposition of a five-day jail term for contempt based upon a willful violation of an order of protection, where the gravamen of the charge is that respondent removed items of personal property from the marital residence. Contempt should not be granted unless the order violated is clear and explicit and unless the act complained of is clearly proscribed *(Pereira v Pereira,* 35 NY2d 301, 308; *Suchomski v Suchomski,* 73 AD2d 1038). It is uncontroverted that respondent sought and obtained from Family Court permission to enter the marital residence to remove his clothing and personal belongings. Although this directive was ambiguous and was seized upon by respondent to remove items of furniture as being within the ambit of "personal belongings", thus precipitating Family Court's memorandum amending the order of protection, his conduct does not rise to the level of a willful violation of a court order. Division of the personal property of the parties is a matter to be resolved in the divorce action. (Appeal from order of Ontario County Family Court, Reed, J.—violation of order of protection.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.

■ BBB ENVIRONMENTAL MANAGEMENT CORP., Also Known as ENVIRONMENTAL MANAGEMENT CORP., Appellant, v LIBERTY NORSTAR BANK, N. A., Also Known as LIBERTY NATIONAL BANK, Respondent.—Order and judgment unanimously affirmed, with costs. Memorandum: We agree that plaintiff's complaint is time barred and fails to state a cause of action for the reasons stated in the comprehensive decision at Special Term, save one. Although plaintiff may have been negligent in failing to discover alleged irregularities in the bank statements and canceled checks enclosed therein, on this record we cannot conclude, as a matter of law, that plaintiff was negligent in the "making" of unauthorized signatures. Accordingly, Special Term should not have relied upon Uniform Commercial Code § 3-406 as an additional reason for dismissing plaintiff's complaint. In all other respects, the order and judgment is affirmed for reasons stated at Special Term. (Appeal from order and judgment of Supreme Court, Erie County, Doyle, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.