■ In the Matter of ANNETTE M. LEONETTI, Respondent, v MICHAEL P. RIEHL, Appellant. (Proceeding No. 1.) MICHAEL P. RIEHL, Appellant, v ANNETTE M. LEONETTI, Respondent. (Proceeding No. 2.)—In consolidated proceedings pursuant to Family Court Act articlés 6 and 8, Michael P. Riehl appeals (1), as limited by his brief, from stated portions of an order of the Family Court, Nassau County (DeMaro, J.), entered October 28, 1988, which, inter alia, adjudged him to be in violation of an order of protection and sentenced him to 15 days' incarceration in the Nassau County Correctional Facility, and (2), as limited by his brief, from so much of an order of the same court, entered October 28, 1988, as denied his application for sole custody of the couple's child, or alternatively, increased visitation.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced in April 1987. The mother was awarded custody of the couple's only child, and the appellant father had weekend visitation rights.

The mother procured an order of protection to prevent the father, inter alia, from engaging in disorderly conduct, harass-

ing and menacing her and their two-year-old child, and ordering him to remain away from her and her parents' home, except for visits with the child. As a result of an incident alleged to have taken place on February 14, 1988, the mother brought a proceeding alleging that the father violated the order of protection.

Shortly after the mother filed her petition, the father brought a cross petition alleging that the mother had violated his visitation rights. The father additionally requested that sole custody of the child be transferred to him, or alternatively, that he be given increased visitation privileges.

A hearing was held as to both parties' applications, after which the court issued separate orders, both of which the father contests on this appeal.

The father claims that the evidence presented at the hearing did not support the Family Court's finding that he willfully violated the order of protection. Upon a review of the record we conclude that the evidence adduced at the hearing established, by competent proof, that the father willfully violated the order of protection (see, Family Ct Act § 846-a) when he went to the mother's house on a nonvisitation day, engaged in disruptive behavior, and kicked over garbage cans in front of her house.

The father also contends that the sentence of 15 days in jail was excessive. We disagree. Under the circumstances, the sentence was not excessive. Moreover, the sentence was designed to compel the father to comply with certain other provisions of the order, including that he seek therapy. The Family Court temporarily stayed execution of the sentence, and stated that it would entertain an application to vacate the order of commitment if the father obtained therapy and otherwise complied with the terms of the order.

As for the question of custody and visitation, upon our review of the hearing minutes, we find that the Family Court's decision was in the child's best interests (see, Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Gloria S. v Richard B., 80 AD2d 72, 76). Thus, the father's application was properly denied.

We have reviewed the father's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.