■ In the Matter of GARY NELSON, Respondent, v BARBARA J. NELSON, Appellant. [598 NYS2d 609] —Harvey, J. Appeal from an order of the Family Court of Schenectady County (Jung, J.), entered January 28, 1992, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act

article 6, for, *inter alia,* increased visitation with the parties' children.

The parties in this case were married in June 1984 and have two children, Kate (born Dec. 12, 1984) and Timothy (born Jan. 1, 1988). Following the onset of marital discord, respondent left the marital residence in June 1989 and commenced a proceeding seeking, *inter alia,* custody of the parties' children, a visitation schedule and orders of protection against petitioner. Petitioner cross-petitioned for custody. In August 1989, Family Court awarded joint legal custody of the children to the parties with physical custody to respondent and visitation to petitioner. Thereafter, respondent commenced an action for divorce.

In December 1989 petitioner filed a violation petition against respondent claiming that respondent failed to bring the children to an appointed meeting place for visitation. In February 1990 Family Court determined that the visitation schedule currently in place would continue as would the order of protection in favor of respondent against petitioner. It was also determined, however, that because of the problems that had arisen during exchanges, the exchange of the children for visitation purposes would now take place in the main lobby of the Schenectady City Police Headquarters. Petitioner filed additional violation petitions against respondent. Respondent was later awarded sole custody of the children and a revised visitation schedule for petitioner was arranged. In September 1990 petitioner filed another violation petition against respondent.

Subsequently, petitioner commenced this proceeding alleging numerous violations of Family Court's prior orders and seeking sole custody of the children or increased visitation with the children and to hold respondent in contempt. After a hearing, Family Court found that respondent had violated court orders seven times but that the other allegations made by petitioner were not proven. The court also determined that sole custody of the children should remain with respondent. Family Court held respondent in contempt for the willful violations it found, fining her $250 for each violation. The court ordered the parties to refrain from engaging in any harassing or offensive conduct toward each other, listed a detailed visitation schedule and plan of conduct for the parties, and ordered respondent to pay petitioner's counsel fees. This appeal by respondent followed.

Initially, we reject respondent's contention that Family

Court's order granting petitioner increased visitation rights was not in the children's best interest and was inappropriately awarded as a basis for punishing respondent for her alleged violations of previous orders (see, e.g., Matter of Muzzi v Muzzi, 189 AD2d 1022; Matter of Wolfer v Wolfer, 183 AD2d 903, 903-904). We have reviewed the evidence and testimony submitted in this bitterly contested case and conclude that Family Court's order increasing visitation is supported by a substantial basis in the record and is in the children's best interest (see, Matter of Leonetti v Riehl, 154 AD2d 675, 676). Significantly, the revised visitation order at issue here has not resulted in a dramatic increase in petitioner's visitation, but only that which will provide him with more meaningful interaction with his children (see, Persaud v Persaud, 170 AD2d 763). While it is true that one of the psychologists who testified at the hearing opined that visitation should be kept at the present level, his testimony was somewhat equivocal and not so compelling as to warrant reversal of Family Court's order in this respect.

We turn next to the contempt findings against respondent and the propriety of the monetary fines imposed by Family Court. The court considered several violations alleged by petitioner and found only seven of them to be well-founded. We, in turn, have examined these sustained violations and find only two of them to be reasonably supported by the evidence. It is well settled that where there is no excuse for noncompliance with an order of Family Court, a party may be held in contempt (see, Matter of Milton v Dennis, 99 AD2d 565, 566). A finding of contempt should not be made, however, "unless the order violated is clear and explicit and unless the act complained of is clearly proscribed" (Kuenen v Kuenen, 122 AD2d 616; see, Suchomski v Suchomski, 73 AD2d 1038).

Here, Family Court assessed two violations of orders that the parties refrain from engaging in "harassing" conduct by reason of the fact that respondent made two complaints to the State child abuse hotline regarding petitioner that were ultimately determined to be unfounded. While this is a somewhat close issue, we must note that Family Court's order at issue does not explicitly preclude making such a complaint, nor should it, given the fact that no person should be discouraged from making a good-faith complaint of suspected child abuse (cf., Matter of Graci v Graci, 187 AD2d 970). Although we recognize in this case that Family Court obviously did not consider respondent's complaints to be made in good faith, we conclude that the record evidence is too equivocal and the

allegedly proscribed conduct too vaguely written to support a finding of contempt in these matters.

Similarly, Family Court found respondent guilty in two instances of impermissibly withholding information from petitioner by failing to consult with petitioner about their daughter's psychotherapy and also for enrolling their daughter in school without informing petitioner. While this is also a close issue, we note that a portion of Family Court's order provides that "the [c]ourt directs that [respondent] * * * *should* consult with [petitioner] concerning decisions" relating to the children's educational and psychological counseling decisions (emphasis supplied). Because this language casts some doubt as to how mandatory the obligations imposed would be, we find that it would be inequitable to find respondent guilty of contempt for such arguable infractions. As for Family Court's finding that respondent violated its direction that psychological counseling for the parties' daughter "shall be continued" by unilaterally discontinuing psychotherapy, we find that the circumstances surrounding this allegation also do not warrant a finding of contempt. Respondent testified that she discontinued psychotherapy because the psychologist told her that Kate was improving. Even more significant, however, is the testimony from the psychologist himself wherein he specifically stated that he recommended to respondent that Kate's therapy be terminated. Given this latter testimony, we cannot find respondent guilty of willful contempt for following the psychologist's recommendation, even if it was a technical violation of Family Court's directive *(see, Kuenen v Kuenen, supra)*.

The final two sustained violations deal with respondent's failure to bring the children to two scheduled visitation dates on June 9, 1990 and August 7, 1990; we find these violations to have a sufficient basis in the record. Regarding the issue of the sanctions imposed by Family Court, we note that respondent makes several arguments as to why these fines were allegedly improperly imposed. There is no need for us to address these arguments, however, because even if there was sufficient evidence on the record to support the finding of violations, there was also enough evidence of possible confusion or misunderstanding on these issues to convince us that a monetary fine is simply too harsh a punishment under the circumstances. Although we understand Family Court's frustration in these matters, we find that, at least for now, a warning to respondent concerning the consequences of future transgressions of this nature is sufficient.

Along these lines, we also find that the order directing

respondent to pay petitioner's counsel fees must be deleted. In its decision, Family Court made it clear that it resolved most credibility issues in petitioner's favor. While we generally defer to the court's credibility determinations in such matters (see, Matter of Uncle v Uncle, 154 AD2d 743, 744), it must be noted that Family Court's comparatively lenient view toward petitioner's version of most events and petitioner's own demonstrated transgressions was not echoed by any of the psychologists who examined the parties or the Law Guardian. The undisputed evidence in the record established that petitioner was at least as guilty as respondent for the difficulties experienced by the parties in conducting visitation (see, Matter of Muzzi v Muzzi, 189 AD2d 1022, supra; Matter of Graci v Graci, supra), and for that reason we find the order directing respondent to pay petitioner's counsel fees to be inappropriate under the circumstances. In taking this action we are not favoring one party over the other, but are simply altering the order to reflect the fact that, although both parents were found to be fit, neither party is deserving of either special blame or praise upon this record. In fact, the questionable conduct of both parties is why we especially approve of Family Court's detailed and specific schedules and plans in its order that are designed to encourage these parties to stop squabbling and wasting judicial resources, all of which has only served to harm the children they both profess to love.

Mikoll, J. P., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by deleting so much thereof as ordered respondent to pay fines and petitioner's counsel fees, and found respondent guilty of contempt on the above-described five charges, and, as so modified, affirmed.