■ In the Matter of BARBARA O., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ARTHUR O., Appellant. [676 NYS2d 241] —Yesawich Jr., J. Appeals (1) from an order of the Family Court of Columbia County (Czajka, J.), entered December 23, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to find respondent in violation of an order of protection, and (2) from an order of said court, entered December 23, 1997, which issued a modified order of protection.

Respondent was found guilty of violating, on three occasions, an order of protection forbidding him from having any unauthorized contact with his then 12-year-old daughter, and was sentenced to serve six months in jail. In addition, Family Court issued another order of protection, directing respondent to stay away from all five of his children, including his 17-year-old son.

Respondent challenges Family Court's disposition, contending that the sentence is unduly harsh. We agree. Two of the three violations stemmed from incidents in which respondent merely drove his car into the driveway of the children's home to deliver items to their mother at her request; he was on the premises for only a few minutes each time and did not exit the car or interact with the children, who were inside. The third incident arose from respondent's attendance at a relative's birthday party, where the children were also present with their mother. Again, he had no direct contact with any of them, remaining outside or in a separate room at all times.

Significantly, there was no evidence that respondent knew that his daughter would be at the party, that he intended to communicate or interact with her on any of these occasions, or that she actually suffered any negative consequences— emotional or otherwise—as a result of these brief encounters. Moreover, while the Law Guardian asserts that respondent failed to comply with Family Court's prior direction that he submit to a mental health evaluation and complete any recommended treatment, Family Court did not make such a finding, nor could it have, given the lack of any probative evidence on

the issue. Although respondent did not testify at the fact-finding hearing, he did state under oath, at the time of sentencing, that he had not intended to violate the order.

Under these circumstances, and with due regard for petitioner's legitimate concern (echoed by the Law Guardian) that the penalty be severe enough to impress upon respondent—a farm laborer* who has apparently had no previous involvement with the law—the seriousness of his transgressions, and to deter further violations, we find that a sentence of six months' incarceration, with the last five months suspended (*see,* Family Ct Act § 846-a), is more in keeping with the nature of the offenses (*see, Matter of Christina LL.,* 233 AD2d 705, 709-710, *lv denied* 89 NY2d 812; *compare, Matter of Nadeau v Sullivan,* 204 AD2d 913, 913-914; *Matter of Leonetti v Riehl,* 154 AD2d 675, 676).

As for respondent's challenge to the inclusion, in the revised order of protection, of his teenage son, the latter has since attained the age of 18, rendering that objection moot (*see,* Besharov, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1056, 1998 Pocket Part, at 304).

Mikoll, J. P., and Mercure, J., concur.

Peters, J. (concurring in part and dissenting in part). Unlike the majority, we do not find that the sentence of six months' incarceration to be either an abuse of discretion or unduly harsh.

The order of protection was issued after a determination that petitioner had sexually abused his 12-year-old daughter by touching her breasts on two occasions,* forcing her to try on some of his women's clothing and by entering into the bathroom and watching her shower. At the time of its issuance, respondent received a copy of the order, understood its terms and was advised of the consequences of its violation. He nonetheless violated it on three separate occasions.

Respondent neither testified at the fact-finding hearing nor called any witnesses on his behalf, thus foreclosing any protestations of ignorance as to whether the order prohibited the conduct he engaged in. The majority relies upon Family Court's "communal" swearing in of all nonattorneys prior to

---

* While this fact was not established conclusively, respondent's employer was present at the sentencing hearing, but his testimony was deemed unnecessary when petitioner accepted the representation of respondent's attorney as to what that testimony would be.

* Family Court further found this conduct to constitute the crime of sexual abuse in the second degree (*see,* Penal Law § 130.60).

the dispositional hearing to support its finding that respondent testified "under oath" that he had not intended to violate the order. In our view, such statement holds little weight, given the lack of opportunity to test its reliability through cross-examination. Regardless of the reasons proffered by others— none of which justify the continued emotional torment to this child by respondent's mere presence—there exists no basis upon which to conclude that Family Court, which heard the evidence underlying the determination of sexual abuse, could be found to have abused its discretion in its imposition of the six-month jail term (*see,* Family Ct Act § 846-a; *see also, Matter of Christina LL.,* 233 AD2d 705, 709-710, *lv denied* 89 NY2d 812). Notably, that court was empowered to impose separate consecutive six-month sentences for each violation (*see, Matter of Walker v Walker,* 86 NY2d 624, 629-630).

While some factors may "militate in favor of lenient sentencing" (*People v Hearn,* 248 AD2d 889, 890) and while the majority considers respondent's status as a "farm laborer" who "apparently had no previous involvement with the law" to be one of such factors, which we find to have no evidentiary basis in the record, we believe that our intrusion into this area is and should be rare (*see, id.*). To abide the reduction of this jail term would constitute, in our view, an abrogation of the safeguards provided to this vulnerable child by the issuance of the underlying order, relegating the protections presumably accorded to her to "merely 'a form of words'" (*Matter of Walker v Walker, supra,* at 630, quoting *People v Ingber,* 248 NY 302, 306).

For these reasons, we would affirm the order of Family Court finding respondent in violation of the order of protection in its entirety.

Crew III, J., concurs. Ordered that the order entered December 23, 1997 finding respondent in violation of an order of protection is modified, on the facts, without costs, to provide that respondent is to serve six months in the Columbia County Jail, with the last five months thereof to be suspended, and, as so modified, affirmed. Ordered that the appeal from the order of protection entered December 23, 1997 is dismissed, as moot.