■ In the Matter of ZACHARY T. KELLY, Appellant, v HONEY B. SANSEVERINO, Respondent. (And Three Other Related

Proceedings.) [716 NYS2d 827] —Crew III, J. P. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered March 31, 1999, which dismissed petitioner's applications, in four proceedings pursuant to Family Court Act article 6, for, *inter alia*, modification of a prior order of custody and visitation.

Petitioner and respondent are the biological parents of a child born in 1993. By order entered August 10, 1998 upon default, the parties were awarded joint custody of the child, with physical custody to respondent and, insofar as is relevant to this appeal, visitation to petitioner each weekend.[1] In October 1998, respondent began denying petitioner his weekend visitations, prompting petitioner to file three violation petitions and, ultimately, to seek modification of the prior custody order. Following a hearing, Family Court dismissed petitioner's respective applications, finding that respondent's decision to deny visitation was reasonable and, further, that petitioner had failed to demonstrate a sufficient change in circumstances to warrant modification of the August 1998 order. This appeal by petitioner ensued.

We affirm. Petitioner, as so limited by his brief, contends only that Family Court erred in failing to award him custody of his daughter.[2] As this Court previously has held, "alteration of an established custody arrangement will be ordered only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903; *see, Matter of Markey v Bederian*, 274 AD2d 816, 817). Absent some indication that such a change will substantially enhance the child's welfare and that the custodial parent is unfit or less fit to continue as such, an established custody arrangement should not be disturbed (*see, Matter of Bryant-Bosshold v Bosshold*, 273 AD2d 717, 718; *Matter of Stoesser v Dunham*, 260 AD2d 958, 959).

Although a custodial parent's interference with a noncustodial parent's visitation rights indeed may be sufficient to establish that the custodial parent is unfit to continue in that role (*see, e.g., Brodsky v Brodsky*, 267 AD2d 897, 899; *Juneau v Juneau*, 240 AD2d 858, 858-859, *lv denied* 90 NY2d 812), we

1. Although not entirely clear from the record, it appears that this order formalized an arrangement that had existed between the parties for the three years prior thereto.

2. In this regard, it is not clear whether petitioner was seeking sole legal and physical custody of the child or was only attempting to alter the primary physical residence of the child.

do not perceive respondent's admitted interference with petitioner's visitation rights here to be sufficiently egregious to warrant modifying the prior custodial arrangement (*see, Matter of Muzzi v Muzzi*, 189 AD2d 1022, 1024; *compare, Matter of Betancourt v Boughton*, 204 AD2d 804, 806-807). To be sure respondent, as the custodial parent, has an obligation to foster a meaningful relationship between petitioner and the child, and her unilateral decision to suspend visitations is not condoned by this Court. Nonetheless, petitioner cannot be said to be blameless, as his repeated threats, at times made in the child's presence, to kill respondent and/or abduct the child and flee to another State were precisely why respondent suspended visitations in the first instance. In view of respondent's testimony as to the reasons for suspending visitation between petitioner and the child, the evidence regarding the impact that petitioner's threats had upon the child's well-being, the absence of any other basis for modifying the prior order of custody and the overwhelming lack of evidence that removing the child from respondent, who has served as the child's primary caretaker since birth, would substantially enhance the child's welfare, Family Court's decision in this matter will not be disturbed.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.