In the Matter of ROSE A. VALENTINE, Appellant, v JOSEPH C. VALENTINE, Respondent. [770 NYS2d 456]—

Cardona, P.J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered January 15, 2003, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for physical custody of the parties' child.

The parties, parents of Gregory (born in February 2002), separated in July 2002 and filed separate custody petitions in Family Court. Following a hearing, Family Court awarded the parties joint legal custody with primary residence of the child in respondent. Petitioner received visitation as follows: alternate weekends from Friday at 6:00 P.M. to Sunday at 6:00 P.M.; six weeks during the summer; various holidays; and Wednesday from 5:30 P.M. to 7:30 P.M. when no weekend visitation was scheduled.

Initially, on this appeal, petitioner contends that Family Court failed to adequately set forth the facts essential to its decision alleging, in particular, its failure to express the basis for concluding that petitioner did "not intend to be flexible and liberal with visitation" and the child would be "safer" with respondent. We find, however, that Family Court's decision did set forth the ultimate facts essential to its determination, "that is, those facts upon which the rights and liabilities of the parties depend" (*Matter of Jose L.I.*, 46 NY2d 1024, 1025-1026 [1979]; *see* CPLR 4213 [b]; Family Ct Act § 165 [a]). Specifically, the court noted that petitioner tried to prevent respondent from visiting Gregory in daycare, admitted to three speeding tickets in a five-to-seven year period, warmed formula in the microwave without removing it from the container despite label warnings and verbal concerns by respondent that such practice could result in burning the child due to uneven heating, and striking respondent in the back of his head while he was holding the

child. As for respondent, Family Court noted, inter alia, that he has helped with the care of the child since birth, has a flexible work schedule and, most importantly, would be flexible with petitioner's visitation.

We agree with Family Court that neither party is unfit to parent and each can provide a suitable home environment. Moreover, the record shows that each parent has fostered the step-sibling and extended family relationships so important to Gregory's emotional development. Family Court was faced with the difficult task of choosing between two parents who deeply love and care for their child. In arriving at our decision, we again acknowledge that a trial court is in the best position to evaluate the credibility and character of the parties and the various witnesses (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Marino v Marino*, 240 AD2d 954, 955 [1997]). Based upon our review of the totality of the circumstances (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]), we are satisfied that Family Court's determination has a sound and substantial basis in the record (*see Matter of Perry v Perry*, 194 AD2d 837, 838 [1993]).

Nevertheless, inasmuch as our authority in custody matters is as broad as that of Family Court (*see Matter of Goodale v Lebrun*, 307 AD2d 397, 397-398 [2003]) and given petitioner's ability to contribute to Gregory's emotional and intellectual development, we find an increase in her custodial access to be in the child's best interest (*see Matter of Blanchard v Blanchard*, 304 AD2d 1048, 1050 [2003]). We further find that remittal for this purpose is unnecessary since the record is sufficiently complete to permit us to make such determination (*see id.* at 1050). Therefore, within 10 days from the date of this decision, paragraph 1 of Family Court's order shall be modified to the extent that petitioner's alternate "weekends" shall commence on Wednesday at 4:00 P.M. until Monday at 8:30 A.M. or until 6:00 P.M., if the same is a holiday, other than Christmas Day or New Year's Day.

We have considered petitioner's remaining arguments and find them unpersuasive.

Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded petitioner visitation on alternate weekends from Friday at 6:00 P.M. until Sunday at 6:00 P.M.; award petitioner custodial access on alternate "weekends" from Wednesday at 4:00 P.M. until Monday at 8:30 A.M. or until 6:00 P.M., if the same is a holiday, other than Christmas Day or New Year's Day and said increase in custodial

access to commence 10 days from the date of this Court's decision; and, as so modified, affirmed.