■ In the Matter of KEVIN S. WOOD, Respondent, v JESSICA L. WOOD, Appellant. (And Another Related Proceeding.) [779 NYS2d 257]—

Mugglin, J. Appeals (1) from an order of the Family Court of Chemung County (Hayden, J.), entered September 26, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in violation of a prior order of custody, and (2) from an order of said court, entered December 10, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify said prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) have two children, Brenden (born in 1996) and Kara (born in 2000). Pursuant to a Family Court order entered March 4, 2002, the parties were granted joint legal and physical custody of the children. That order also further provided that the children were not to be left alone with the mother's boyfriend and that "neither party, nor anyone else in the presence of either party, shall utilize corporal punishment on the

children.'' In the first proceeding under review, Family Court found that the mother's boyfriend, while interrogating her son about some missing money, made the youngster lie on a bed while the boyfriend struck the bed with his belt. Family Court specifically found that the belt was used to inflict intimidation, not injury, but held such to be corporal punishment and found the mother to be in willful violation of that portion of the order. Family Court awarded the father counsel fees of $500 and imposed a jail sentence of 15 days on the mother, which sentence was suspended. The mother appeals this order and we reverse.

"A finding of contempt should not be made, however, 'unless the order violated is clear and explicit and unless the act complained of is clearly proscribed' " (*Matter of Nelson v Nelson*, 194 AD2d 828, 830 [1993], quoting *Kuenen v Kuenen*, 122 AD2d 616, 616 [1986]). While we find such conduct on the part of the boyfriend to be reprehensible, we cannot find that it is clearly proscribed by the order forbidding corporal punishment when that term is defined as "[p]hysical punishment; punishment that is inflicted upon the body (including imprisonment)" (Black's Law Dictionary 1247 [7th ed 1999]). The mother's financial and liberty interests should not be jeopardized under these circumstances.

In the second proceeding, the father sought to modify the prior order of custody. Following a hearing, Family Court gave legal custody of the children to the father with shared physical custody between the parties. The mother's physical custody was to be supervised by her mother at the latter's home and the mother's boyfriend was to have no contact with the children. We affirm.

An existing custody order will not be altered unless it can be shown that a change in custody "will substantially enhance the child's welfare and that the custodial parent is unfit or less fit to continue as such" (*Matter of Kelly v Sanseverino*, 278 AD2d 535, 536 [2000]). Our review of the facts leads us to conclude that Family Court's decision to modify the custodial arrangement was based upon a careful evaluation of a number of factors and had a "sound and substantial basis in the record" (*Matter of Nicole VV.*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002]; *see Matter of Parkhurst v McFall*, 1 AD3d 78, 80 [2003]). Among the factors considered by Family Court were an instance of sexual abuse suffered by the parties' son while at the mother's house, the mother's unwillingness to acknowledge her boyfriend's problems with violence toward his own children, and the mother's inability to put the needs of her children ahead of her own interest in remaining with her boyfriend. Clearly,

Family Court found both the boyfriend and the mother to have no credibility and we give deference to that conclusion (*see Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 986 [2003]). In sum, the record demonstrates that the modifications are in the children's best interests while still allowing the mother visitation with her children (*see Matter of Valentine v Valentine*, 3 AD3d 646, 647 [2004]).

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order entered September 26, 2002 is reversed, on the law, without costs, and petition dismissed. Ordered that the order entered December 10, 2002 is affirmed, without costs.