■ In the Matter of CHRISTINA KUBISTA, Respondent, v GLEN KUBISTA, Appellant. (And Two Other Related Proceedings.) [782 NYS2d 880]—

Spain, J. Appeals from two orders of the Family Court of Ulster County (Work, J.), entered February 3, 2003 and March 24, 2003, which, inter alia, granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in January 1993 and have one child, Lianna (born in 1993). In May 2000, the parties entered into a voluntary agreement, incorporated into a Family Court order, regarding the custody of their daughter in which they were granted shared joint legal and physical custody. Subsequently, in three separate violation petitions, the father alleged that the mother had interfered with his custodial and telephone time. In January 2001, the mother filed a petition seeking to modify the custodial order, requesting sole custody. Thereafter, the father filed another violation petition, asserting that the mother refused to share information regarding the child's medical care and whereabouts on canceled school days, and he also filed a cross petition seeking sole custody.

Upon learning that a matrimonial action was pending in Supreme Court, Family Court dismissed all pending petitions. Shortly thereafter, the father filed a family offense petition against the mother in Family Court asserting that she inflicted physical abuse on the child and, ultimately, Supreme Court referred the issue of custody back to Family Court. Prior to trial, after receiving court subpoenas for upwards of 18 witnesses from the father's attorney, the court issued a scheduling order modifying the order of proof and limiting each parent to four witnesses, with the opportunity to request additional witnesses upon an offer of proof.

At the protracted trial, neither party reached the four witness limit. The mother and the father each testified. The mother called the child's therapist and the psychologist who did the evaluation in the prior proceeding. The court denied the father's request to authorize additional witnesses—beyond the four witness limit—after review of his offers of proof. The father's only other witness was the principal at the child's school, and he never exercised his right to call the allowed two other witnesses. Family Court also held an in camera interview with the child.

In a detailed and lengthy decision, Family Court—consistent with the position advocated by the Law Guardian—modified the prior custody order by granting sole legal custody to the mother, with shared physical custody between the parties concluding that the father had fabricated the physical abuse allegation to obtain an advantage in their custody dispute, and dismissed the family offense petition against the mother. The father now appeals.

Where an existing custody order is in place, it will be altered only if it can be shown that there is a " 'sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Schermerhorn v Breen*, 8 AD3d 709, 710 [2004], quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]; *see Matter of Kelly v Sanseverino*, 278 AD2d 535, 536 [2000]). On our review of the record, we find ample evidence of a change in circumstances. Moreover, Family Court's decision to modify the custodial arrangement—which is based on its careful evaluation of a number of significant factors—has a "sound and substantial basis in the record" (*Matter of Cuozzo v Ryan*, 307 AD2d 414, 415 [2003]; *see Matter of Wood v Wood*, 8 AD3d 767, 768-769 [2004]; *Matter of Nicole VV.*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002]). Given, among other things, the child's development of behavioral and emotional problems, the animosity between the parties and their inability to agree under the

voluntary custodial arrangement, there was a sufficient basis to determine that the joint custody order was unworkable (*see Matter of Murray v McLean*, 304 AD2d 899, 900 [2003]).

Indeed, Family Court was in the best position to assess the credibility of the witnesses and we accord its factual findings great deference (*see Matter of Hitchcock v Kilts*, 4 AD3d 652, 654 [2004]; *Matter of Cuozzo v Ryan, supra* at 415). Here, the mother was the primary caregiver until the unsuccessful custody agreement, has a strong emotional bond with the child, and is supportive of the father having a role in the child's life. Although it is clear that he cares for his daughter, Family Court was justifiably troubled by the father's controlling and obsessive behavior including, but not limited to, taping conversations between the child and each parent, calling the police for the smallest infraction of the custodial order and canceling the child's therapy appointments. Particularly disturbing to the court was the father's unfounded accusation of child abuse against the mother and his failure to understand the traumatic effect it had on the child. The record amply demonstrates that the modification, granting sole custody to the mother while still providing the father liberal shared physical access, is in the child's best interest (*see Matter of Valentine v Valentine*, 3 AD3d 646, 647 [2004]; *see also Matter of Wood v Wood, supra* at 767).

Additionally, Family Court clearly acted within its discretion when it limited the number of witnesses each side could present and determined that the proffered testimony of the additional witnesses named by the father would be cumulative and unnecessary (*see Matter of Ebel v Urlich*, 273 AD2d 530, 532 [2000]). Given the extensive testimony and other evidence presented in this trial, we conclude that Family Court possessed ample insight into the father's position, and he was not prejudiced by the scheduling order or the court's evidentiary rulings.

Finally, the father's argument that Family Court should have ordered an updated psychological evaluation of the child is unpreserved as it is raised for the first time on appeal (*see Soich v Farone*, 307 AD2d 658, 660 [2003]). In any event, "[t]he decision whether to direct a psychological or social evaluation in a child custody dispute is within the sound discretion of the court" (*Matter of Paul C. v Tracy C.*, 209 AD2d 955, 955 [1994]; *see* Family Ct Act § 251 [a]; *Munson v Lippman*, 2 AD3d 1252, 1254 [2003]). A comprehensive evaluation had been completed just eight months before the mother's modification petition and the psychologist who performed that evaluation and the child's therapist both testified at trial.

We have considered the father's remaining contentions and find they lack merit.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.