In the Matter of ANTON HAGANS, Respondent, v LAURA HARDEN, Appellant. (And Two Other Related Proceedings.) [785 NYS2d 173]—

Rose, J. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered May 8, 2003, which, inter alia, granted petitioner's application, in three proceedings pursuant to Family Ct Act articles 6 and 8, to modify a prior order of custody.

The parties, who are the parents of a child born in 1989, consented to an order of joint custody, with physical residence with the mother and weekend/holiday visitation with the father.

In 2002, the mother reacted angrily to the child's disobedience by hitting the child with a belt on two occasions and threatening to beat the child with the buckle end of the belt. The mother admitted that, on another occasion, her boyfriend slapped the child's face. The child later reported that the mother's boyfriend had also threatened to kill her. Both parties petitioned Family Court, with the father seeking sole custody. The mother, as limited by her brief, appeals Family Court's modification of custody awarding primary physical custody to the father following a hearing and an in camera interview with the child.

Giving due deference to Family Court's credibility determinations, we find no abuse of the court's discretion in its holding that the child's poor grades and disciplinary problems in school, the mother's chronic inability to control her anger and the mother's infliction of inappropriate physical discipline when she "did not know what else to do" constituted a substantial change in circumstances warranting a modification of the parties' custody arrangement (*see Matter of Wood v Wood,* 8 AD3d 767, 768-769 [2004]; *Matter of Smith v Miller,* 4 AD3d 697, 698-699 [2004]; *Matter of Rosario WW. v Ellen WW.,* 309 AD2d 984, 985-986 [2003]).

We also concur with Family Court's conclusion that granting the father sole physical custody conforms to the child's best interests. Family Court noted that, while the mother claimed that she would no longer discipline the child by striking her with a belt, she had no other plan for discipline in place. The mother also stated that she would be willing to attend counseling only if the counselor would "not point the finger at me like I have a problem and I'm the one that's adding to [the child's] problem." In contrast, as the Law Guardian observed, the father provides a substantially more stable home environment. He has encouraged the child to get a summer job and become active in church, he does not administer physical discipline and the child is showing improvement in his care and in school. Inasmuch as Family Court reviewed the totality of the circumstances (*see Matter of Tammy II. v Jeffrey HH.,* 295 AD2d 657, 659 [2002]; *Matter of Esterle v Dellay,* 281 AD2d 722, 725 [2001]), and its factual findings have a sound and substantial basis in the record (*see Matter of Hitchcock v Kilts,* 4 AD3d 652, 654 [2004]; *Matter of Parkhurst v McFall,* 1 AD3d 78, 80 [2003]; *Matter of Cuozzo v Ryan,* 307 AD2d 414, 415 [2003]), we will not disturb its determinations.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.