Matter of James R. v Jennifer S. (2020 NY Slip Op 06997)





Matter of James R. v Jennifer S.


2020 NY Slip Op 06997


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

529783

[*1]In the Matter of James R., Petitioner,
v
Jennifer S., Appellant.

Calendar Date: October 16, 2020

Before: Lynch, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Stephen L. Molinsek, Delmar, for petitioner.
Christine E. Nicolella, Delanson, attorney for the children.



Colangelo, J.
Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered August 5, 2019, which granted petitioner's motion for a forensic evaluation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2004 and 2006). In July 2018, the parties stipulated in open court to a settlement of the father's modification of custody petition and violation petitions then pending in Family Court. [*2]The parties stipulated to, among other things, suspension of the collection of accrued child support arrears and, as relevant here, agreed to engage in family counseling and to a protocol for the selection of a therapist. The transcript of the parties' stipulation of settlement was incorporated by reference into a consent order entered in March 2019. Thereafter, the parties failed to agree on the selection of a therapist, prompting the father to request that the court appoint as a therapist a licensed psychiatrist versed in parental alienation. In June 2019, the court appointed a psychologist, but the psychologist declined to provide counseling services. By letter, the father then, among other things, requested that the court order a forensic evaluation by a different licensed psychologist. After converting the father's request to an application for a court-ordered forensic evaluation, the court ordered a forensic evaluation over the mother's objection. The mother appealed from that order, and we granted the mother's subsequent motion for a stay of Family Court's order pending resolution of this appeal (2019 NY Slip Op 78996[U] [2019]).[FN1]
The mother and the attorney for the children contend that Family Court lacked jurisdiction to issue the order directing a forensic evaluation because the March 2019 order on consent resolved all underlying petitions and, therefore, at the time that Family Court issued the subject order, no petition was pending in court between these parties. "In every proceeding in [F]amily [C]ourt, a copy of the petition filed therein shall be served upon the respondent at the time of service of process or, if that is not practicable, at the first court appearance by respondent" (Family Ct Act § 154-a). Thus, the filing of a petition to commence a proceeding is mandatory and a precondition to the court obtaining jurisdiction (see Matter of Pudvah v Pudvah, 172 AD3d 1475, 1475-1476 [2019]). In that same regard, Family Court is authorized to order a forensic evaluation of any persons within its jurisdiction "[a]fter the filing of a petition under this act over which [it] appears to have jurisdiction . . . when such an examination will serve the purposes of this act" (Family Ct Act § 251 [a]). Thus, the Family Ct Act contemplates that, before Family Court can order a forensic evaluation, a petition must have first been filed.
Here, at the time that the order for a forensic evaluation was issued, there was no petition for custody pending between the parties. All prior petitions had been resolved more than a year earlier by stipulation in open court and later incorporated into the March 2019 consent order. In resolving the prior petitions, the stipulation provided that the parties agreed that a "therapist will not be called by either one of them . . . if there is any future court proceeding, that neither of them will be entitled to call the therapist and that each of the parents will work in the therapy as recommended by the counselor with the understanding [that,] currently[,] the issues that the children will be working on is repairing their relationship with their father." The parties further agreed in the stipulation to try mediation before filing any court papers, demonstrating a desire to avoid future proceedings in Family [*3]Court.[FN2] Less than one year after the stipulation was incorporated by reference into a consent order, Family Court, however, ordered a forensic evaluation, citing the "unusual situation" whereby the parties stipulated to — and the court ordered — counseling and all efforts failed. This was error, as no petition had been filed by the father since the March 2019 consent order was entered, and no proceedings were therefore pending to provide Family Court with jurisdiction to render the appealed-from order directing a forensic evaluation (see Family Ct Act §§ 154-a, 251 [a]; Matter of Pudvah v Pudvah, 172 AD3d at 1475-1476). Indeed, as is the case here, an expectation of finality derives from a stipulation of settlement entered into by those with legal capacity to negotiate (see generally Matter of Adam V. v Ashli W., 180 AD3d 1205, 1206-1207 [2020]). Accordingly, we find that Family Court lacked subject matter jurisdiction to order a forensic evaluation.
Lynch, J.P., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and motion denied.



Footnotes

Footnote 1: Although Family Court's nonfinal order is not appealable as of right, we exercise our discretion and grant the mother permission to appeal (see Family Ct Act § 1112 [a]; Matter of Katherine MM. v Joshua MM., 162 AD3d 1162, 1163 n 1 [2018]).

Footnote 2: Before the terms of the stipulation were agreed upon by the parties, the father suggested that, in the event that the stipulation was violated, the prior violation petitions being settled would be reopened, and an updated forensic evaluation ordered. The father's suggestion, however, was rejected and not included in the stipulation.