Matter of Kelly AA. v Christopher AA. (2025 NY Slip Op 04126)

Matter of Kelly AA. v Christopher AA.

2025 NY Slip Op 04126

Decided on July 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 10, 2025

CV-23-1435
[*1]In the Matter of Kelly AA., Petitioner,
v
Christopher AA., Appellant. Attorney for the Child, Appellant. (And Four Other Related Proceedings.)

Calendar Date:June 2, 2025

Before:Garry, P.J., Egan Jr., Fisher, Powers and Mackey, JJ.

D.J. & J.A. Cirando, PLLC, Syracuse (Rebecca L. Konst of counsel), for Christopher AA., appellant.
Lorraine R. Silverman, Albany, attorney for the child, appellant.

Mackey, J.
Appeal from a corrected order of the Family Court of Albany County (Richard Rivera, J.), entered July 24, 2023, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are theparents of the subject child (born in 2015). The parents shared custody of the child until a 2018 court order, entered upon the parties' stipulation, which awarded the father sole legal and primary physical custody of the child, with scheduled parenting time to the mother. In August 2020, the mother filed a modification petition seeking joint legal and primary physical custody based upon, among other things, the father's alleged violation of the custody order. The mother also filed two family offense petitions, resulting in Family Court's issuance of an ex parte temporary order of custody, granting the mother and the father joint legal custody, with primary physical custody to the mother and parenting time to the father as agreed upon.[FN1] Thereafter, the father filed an enforcement petition, alleging that the mother had violated the temporary order of custody by refusing him mutually agreed-upon parenting time and making unilateral decisions about the child's schooling, medical care and extracurricular activities. In a subsequent violation petition filed in December 2020, the father alleged that the mother continued to refuse to comply with negotiated parenting time.
Shortly following the commencement of the ensuing fact-finding hearing — which took place over the course of roughly two years between April 2021 and April 2023 — the father filed his own modification petition asserting, among other things, that the mother remained uncooperative and in violation of the temporary order of custody. In July 2022, Family Court issued a new temporary order of custody, granting the parents joint legal custody and physical custody of the child on a rotating schedule. At the conclusion of the fact-finding hearing, the court found that the father did not violate the 2018 custody order, but that the mother had violated the temporary order of custody by failing to advise the father of matters related to the child's schooling, health and other activities. In view of the mother's pattern of noncooperative behavior, among other similar considerations, the court ultimately determined that modification of the 2018 custody order was warranted and granted the parents' joint physical custody of the child, but awarded the father sole legal custody. The court further granted the father the authority to change the child's school district upon her reaching middle school. The father and the attorney for the child (hereinafter AFC) each appeal from separate aspects of the order.[FN2]
"A party seeking to modify a prior order of custody must show that there has been a change in circumstances since the prior order and, then, if such [*2]a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Ashley UU. v Ned VV., 235 AD3d 1200, 1201 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Attorney for the Child v John J., 227 AD3d 1325, 1326 [3d Dept 2024]). The record here amply demonstrates that the parties' acrimonious relationship had deteriorated their ability to effectively communicate and cooperate to meet to the child's ongoing educational and medical needs, as well as to facilitate shared parenting time, thus establishing the requisite change in circumstances (see Matter of Ashley UU. v Ned VV., 235 AD3d at 1201; Matter of Joseph XX. v Jah-Rai YY., 226 AD3d 49, 54-55 [3d Dept 2024], lv denied 43 NY3d 901 [2025]; Matter of Nicole B. v Franklin A., 185 AD3d 1166, 1166 [3d Dept 2020]). Accordingly, Family Court properly proceeded with a best interests analysis.
"In determining whether modification of a prior custody order will serve the best interests of the child, courts must consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Nathan PP. v Angela PP., 205 AD3d 1082, 1083 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Debra YY. v Michael XX., 234 AD3d 1021, 1022-1023 [3d Dept 2025]). To this end, "[t]his Court accords great deference to Family Court's factual findings and credibility determinations, and will not disturb its custodial determination if supported by a sound and substantial basis in the record" (Matter of Barrett LL. v Melissa MM., 224 AD3d 942, 943 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 905 [2024]; see Matter of Daniel XX. v Heather WW., 180 AD3d 1166, 1167 [3d Dept 2020]).
The record reveals, as Family Court found, that the father and the mother have each experienced relative instability in their residences and/or makeup of their households since the 2018 order, yet both provide the child with caring and supportive homes. Both parents also support the child academically, and the child was progressing well in her education. Although the mother raised safety concerns regarding the father's fiancÉe, the allegations were found not to be credible. Instead, the record supports the court's finding that the mother continued to engage in a pattern of uncooperative and dismissive behavior with the father. Of note, the mother ignored numerous requests from the child's school to provide a physical and then, after the father had responded and advised the mother that an appointment for the child had been made, she surreptitiously scheduled an earlier appointment without [*3]informing the father. The mother similarly refused to provide the father with access to certain of the child's records, unilaterally enrolled the child in extracurricular activities, changed the child's physician without consulting the father and repeatedly failed to inform the father of the child's medical appointments. To the extent that the court relied, in part, upon certain of the mother's actions that occurred prior to the 2018 order, it did so relative to its assessment of the mother's credibility and the court was permitted to consider her history in determining the child's best interests (see Matter of Barrett LL. v Melissa MM., 224 AD3d at 943).
Upon this record, we find that a sound and substantial basis supports the determination awarding the parents shared physical custody of the child, with sole legal custody to the father while permitting the mother access to the child's records (see Matter of Richard CC. v Lacey DD., 230 AD3d 1389, 1390 [3d Dept 2024]; Matter of Brett J. v Julie K., 209 AD3d 1141, 1143-1144 [3d Dept 2022]; Matter of Thompson v Wood, 156 AD3d 1279, 1282 [3d Dept 2017]; Matter of Kubista v Kubista, 11 AD3d 743, 745 [3d Dept 2004]; see also Leonard v Leonard, 109 AD3d 126, 128 [4th Dept 2013]). We are unpersuaded by the AFC's argument that permitting the father to change the child's school district upon completion of elementary school is against her best interests. The child has been diagnosed with autism and, although she is doing well in her current school district and her need for services related to her condition has diminished, the father has demonstrated his commitment to the child's education and Family Court's order affords the flexibility necessary to best address her future needs.
Finally, the father argues that Family Court abused its discretion in denying his request for a forensic evaluation of the child. We disagree. Family Court is authorized to order that a child be "examined by a physician, psychiatrist or psychologist . . . when such an examination will serve the purposes of [the Family Ct Act]" (Family Ct Act § 251 [a]; see Matter of James R. v Jennifer S., 188 AD3d 1509, 1510 [3d Dept 2020]). "[T]he ordering of such reports and evaluations is a matter committed to Family Court's sound discretion" (Matter of William BB. v Melissa CC., 136 AD3d 1164, 1165 [3d Dept 2016]; see Family Ct Act § 251 [a]). In repeatedly seeking a forensic evaluation of the child, the father maintained that said examination was necessary to determine whether the child had been "coached" and to alleviate concerns as to the propriety of prior questioning of the child. The AFC countered that the record was sufficient for the court to render a determination in this regard. In view of the evidence and testimony before the court, we agree that subjecting the child to further evaluation was unnecessary (see Matter of Ryan v Nolan, 134 AD3d 1259, 1262 [3d Dept 2015]; Matter of Peters v Peters, 260 AD2d 952, 953 [3d Dept 1999]; see [*4]also Matter of Kubista v Kubista, 11 AD3d at 745). The parties' remaining arguments have been considered and found unpersuasive.
Garry, P.J., Egan Jr., Fisher and Powers, JJ., concur.
ORDERED that the corrected order is affirmed, without costs.

Footnotes

Footnote 1: Upon the father's motion, Family Court dismissed the mother's family offense petition against him. A temporary order of protection was issued against the father's fiancÉe in favor of the child, however, the mother's petition against the fiancÉe was likewise later dismissed.

Footnote 2: The mother also filed a notice of appeal but failed to perfect that appeal (Rules of App Div, All Depts [22 NYCRR] § 1250.10 [a]). She has not filed a brief on this appeal.